Daniels *vs.* Kyle & Barnett.

No. 26.—FRANCIS DANIELS, plaintiff in error, *vs.* KYLE & BAR-
NETT, defendants in error.

[1.] Notice by a Bank that it will receive on deposite the depreciated bills of
another Bank, is no evidence of the insolvency of the Bank making such offer.

[2.] If the holder of a Bank check neglect to present the same for payment
within a reasonable time, and the Bank fail between the time of drawing and
the presentation thereof, the drawer is discharged from liability, to the extent
of the injury he has sustained by reason of said failure.

[3.] The general doctrine applicable to Bank checks extends to *all holders,*
whether payees or transferees, and that is, that in order to charge the drawer
in case of dishonor, the same must be presented for payment within a reasona-
ble time, and notice given to the drawer within a like reasonable time, other-
erwise the delay is at the peril of the holder.

Assumpsit, tried before Judge ALEXANDER, Muscogee Superi-
or Court, May Term, 1848.

The action in this case was predicated upon a check, of
which the following is a copy :

" COLUMBUS, JANUARY 15, 1842.

Bank of Columbus, pay to L. Gambrill or order, five hundred
and twenty-four dollars.

KYLE & BARNETT.

$524 00.

Indorsed, L. GAMBRILL."

The check having been transferred by indorsement to the plain-
tiff in error, the suit was brought in his name.

Upon the trial, the check, and also the protest made upon its
presentation for payment, and the non-payment, were successive-
ly read in evidence to the jury, when the plaintiff closed.

The defendants having pleaded specially, that when said check
was drawn on the said Bank of Columbus, to wit: on the fifteenth
day of January, 1842, the said Bank was solvent, and paid checks
thereon promptly, on presentation ; and that before the presenta-
tion thereof, to-wit: on the first day of April, 1842, the said Bank
failed, and suspended payment, with the funds of these defendants
on deposit, to an amount more than sufficient to pay said check ;
and that by the failure to present said check, these defendants
were injured, to the extent of the total loss of said funds—pro-
ceeded to the proof of their plea.

They proved from the books of the bank, that the defendants,

at the date of the check, had on deposit in said Bank over two thousand dollars. The Clerk, who identified and proved the books, did not know what funds defendants deposited. It appeared also, from the books, that the defendants had checked out all of their deposits except $524 $\frac{38}{100}$, which last amount appeared still to remain to their credit. The witness, (the Clerk,) farther stated that he left said Bank as Clerk, about the 7th January, 1842 ; that the Bank had been in a state of suspension some time before that, and believed that it had resumed specie payments on the first of January, 1842, under the Act of the Legislature of 1841 ; and that about the time he left said Bank it paid specie upon some of its demands ; *thought* specie was not demanded upon checks. The counsel for plaintiff proposed to ask the witness if (at the date of the check sued on) there was hanging at the counter of the Bank of Columbus, a notice to the public that it would receive Planters and Mechanics' Bank bills, and other depreciated paper on deposit, and that it was paying out the same to its depositors, who should deposit such paper, which was objected to by defendants' counsel, and the objection was sustained by the Court below, and decided to be improper. To which decision the counsel for the plaintiff excepted.

Col. Seaborn Jones was then sworn on the part of the defendants, and stated, the Bank resumed specie payments on the 1st January, 1842, under the requirements of the Act of the Legislature of 1841, on that subject, and that said Bank paid specie, but did not remember whether upon the bills of said Bank or checks drawn upon it, but that it paid all presented by him, either in specie or specie funds, but did not remember whether he presented bills or checks, and that the Bank suspended specie payments again in March 1842.

The plaintiff then introduced Sterling F. Grimes as a witness, who testified that the Bank, in January, 1842, received Planters and Mechanics' Bank bills, Central Bank bills, and Alabama Bank bills in payment of notes, (sent to said Bank for collection,) payable in New York, with current rates of *exchange*, and charging 12 1-2 to 15 per centum premium, as the current rate of *exchange* upon New York. Augustus Peabody was also introduced as a witness on part of plaintiff, who testified that he went into said Bank of Columbus as Clerk, within four or five days after John D. Carter, the former Clerk, left said Bank as Clerk,) which was a short time be-

Daniels *vs.* Kyle & Barnett.

fore the middle of January 1842, and that he remained in said Bank as Clerk until it finally suspended specie payments altogether and that while he was in said Bank as Clerk, it did not pay specie upon checks drawn upon said Bank by depositors, but paid checks in Planters and Mechanics' Bank bills and other depreciated bills, and that it paid specie only upon its own bills. It was also in evidence that the plaintiff resided out of the State of Georgia.

The cause was submitted to the jury upon the foregoing evidence, when the plaintiff's counsel requested the Court to charge the jury, that if they believed from the evidence that the Bank of Columbus was not paying specie upon checks draws upon it, at the time of the drawing of said check and afterwards, but paying them in currency at 12 1-2 to 15 per centum discount, then the defendants have not sustained loss, or if any, only the difference of the depreciated currency at the date of the check, and at the time of the presentation. That the defence, if good at all, would be good only between the drawers and the drawees, and not against the plaintiff, who is the indorser and *bona fide* holder without notice, and for a valuable consideration. All which the Court refused to charge, to which refusal the plaintiff's counsel excepted.

The Judge below, in his certificate to the Bill of Exceptions certifise to the additional fact, that he instructed the jury, "if the defendants had on deposit in said Bank, money or any effects of value at the time of the drawing said check, and the holder thereof failed to present the same for payment within reasonable time, and the Bank failed between the time of drawing and the presentation thereof, then the drawers were discharged from liability on said check, to the extent of the injury they may have sustained by reason of such failure."

John Schley, for plaintiff in error.

Jones, Benning & Jones, and Holt, for defendants.

Points submitted for plaintiff in error.

The first ground taken, that the Court erred in deciding that the plaintiff's counsel could not ask the defendants' witness, John D. Carter, upon the cross-examination, "If at the date of the check

Daniels *vs.* Kyle & Barnett.

sued on, there was hanging at the counter of the Bank of Columbus, a notice to the public that it would receive Planters and Mechanics' Bank bills and other depreciated paper on deposit, and that it was paying out the same to its depositors who should deposit such paper." *Best on presumptions of Law and Trust, p.* 212 *to* 216. 1*st Greenleaf's Ev. sec.* 53.

The second ground taken, that the Court erred in refusing to charge the jury, " That if they believe from the evidence that the Bank of Columbus was not paying specie upon checks drawn upon it, at the time of the drawing of said check sued on, and afterwards, but paying them in currency at 12 1-2 to 15 per centum discount, that the defendants have not sustained loss." *Ex parte Brown,* 2 *Story Rep.* 502 *to* 515. *Story on Promissory Notes, &c. sec.* 497 *and* 498. *Story on Bills, sec.* 356. *Wallace vs. McConnel,* 13 *Peters' Rep.* 136.

The third ground taken, that the Court erred in refusing to charge the jury, " That if they believe from the evidence that the Bank of Columbus was not paying specie upon checks drawn upon it at the time of the drawing of said check and afterwards, but paying them in currency at 12 1-2 to 15 per centum discount, and that if the defendants sustained any loss, that it could only be the difference between the value of the depreciated currency at the date of the check, and at the time of the presentation." *Ex parte Brown,* 2 *Story Rep.* 502 *to* 516.

The fourth ground taken, that the Court erred in refusing to charge the jury, "That the defence, (of loss in consequence of the failure of the Bank between the date of the check and its presentation,) if good at all, would be good only between the drawers and the payee, and not against the plaintiff, who is the indorsee and *bona fide* holder, without notice and for a valuable consideration." *Story on Promissory Notes, sec.* 491. *Chitty on Bills, p.* 412, 87.

*By the Court.*—LUMPKIN, J. delivering the opinion.

This was an action of assumpsit tried on the appeal before Judge Alexander, at the Superior Court of the county of Muscogee, at May term, 1848. It was brought upon a Bank check drawn by the defendants, Kyle and Barnett, upon the Bank of Columbus, for $524, in favor of L. Gambrill, or order, and was indorsed by him to the plaintiff. The check bore date the 15th

Daniels *vs.* Kyle & Barnett.

day of January, 1842, and was presented for payment, and notice given of non-payment, on the 15th day of April thereafter.

The defendant offered testimony to show that the Bank of Columbus was solvent, and paying promptly all drafts upon it, when the check was drawn, and that the money was lost by the laches of the holder. The plaintiff, in rebuttal, proposed to prove that at the date of the check sued on, there was hanging at the counter of the Bank of Columbus, a notice to the public, that it would receive Planters' & Mechanics' bills, and other depreciated paper on deposit; and that it was paying out the same to its depositors who should deposit such paper; which was objected to by the defendant's counsel, and the testimony excluded by the Court, whereupon the plaintiff, by his counsel, excepted.

After the evidence was closed, the plaintiff's counsel requested the Court to charge the jury, "that if they believed from the evidence, that the Bank of Columbus was not paying specie upon checks drawn upon it at the time of the drawing of said check, and afterwards, but paying them in currency at $12\frac{1}{2}$ or 15 per cent. discount, that the defendants have not sustained loss, or if any, only the difference between the value of the depreciated currency at the date of the check, and at the time of its presentation. And that the defence set up, if good at all, would be good only between the drawers and the payee, and not against the plaintiff, who is the indorser and *bona fide* holder without notice, and for a valuable consideration."

All which the Court refused to charge, to which the plaintiff's counsel excepted. The presiding Judge accompanies his certificate with this additional statement, "that he instructed the jury, among other things, that if the defendant had on deposit in said Bank, money, *or any effects of value*, at the time of drawing said check, and the owner thereof failed to present the same for payment within reasonable time, and the Bank failed between the time of drawing and the presentation thereof, the drawers were discharged from liability to the extent of the injuries they may have sustained by reason of said failure."

When this case was before this Court before, (see 1 *Kelly*, 304,) we held, upon the authority of Kent and Story, and the most eminent jurists of England and this country, "that the drawer of a Bank check had no right to complain of its not being presented for payment, unless before presentment the drawee has failed, or

in some other way, by reason of the holder's failure to present, the drawer has sustained injury." We are not disposed to disturb that decision.

[1.] As to the rejection of the testimony, by the Court below, of the notice which was hung up at the counter of the Bank of Columbus, the record does not disclose upon what ground it was ruled out. We are satisfied it was wholly irrelevant. What proof was it of the insolvency of the Bank, that it advertises that it would receive depreciated bills upon deposit, and pay in the same paper? Or, to put the construction upon the notice given to it by the plaintiff's attorney; might not the soundest institution in the Union be willing, for particular reasons, to receive on deposit the bills of the Planters and Mechanics' Bank, although under par at the time? Perhaps to sustain their credit, this corporation had indemnified the Bank of Columbus to do this. At any rate, we see in this circumstance, no evidence whatever, that the Bank of Columbus was either unable, or unwilling to pay its checks upon presentation.

[2.] Without stopping to scrutinize very minutely the instructions requested by counsel, or as given by the Court, we think that the case was fairly submitted under the evidence, to the jury. It is in proof, that the drawers had a deposit in the Bank of Columbus at the date of the check, enough to pay it upon presentation. The testimony is conflicting as to whether or not the Bank was paying specie upon checks in January, 1842. The check sued on was not presented for three months, when the Bank had failed. In the language of the charge, were not " the drawers discharged from liability on said check, to the extent of the injury which may have been sustained by reason of such failure?" Such we believe to be the law of the case.

To prevent any misconstruction of an inadvertent expression in the charge, to the effect that checks may be drawn as money or as *any effects of value,* I would remark that checks are drawn on money only, and payable in nothing else but specie or its equivalent.

[3.] It was insisted that the defence, if good at all, would be available only between the drawers and the payee, and not against the plaintiff, who is the indorser and *bona fide* holder without notice, for a valuable consideration.

But the general rule applicable to these instruments exends to

*all holders*, whether payees or transferrees; and it is, that in order to charge the drawer in case of dishonor, he is bound to present the same for payment within a reasonable time, and to give notice thereof to the drawer, within a like reasonable time; otherwise the delay is at his own peril. 3 *Kent's Com. sec.* 44, *p.* 88, 91, *(5th Ed.)   Chitty on Bills, ch.* 8, *p.* 246, 248. *Id. ch.* 9, *p.* 412, 416, 418, 420. *Id. ch.* 11, *p.* 546, 547, *(8th Ed.)   6 Barn. and Cress. note,* 373. 3 *Watts,* 303. 3 *John. Cases,* 259. 7 *Term,* 430.

If payment is not thus regularly demanded, and the Bank or bankers should fail before the check is presented, the loss will be the loss of the *holder,* who will make the check his own, and at his sole risk, by his laches. *Story on Prom. Notes,* 626, 627. *Carr & Marshall,* 75. 3 *Scott N. R.* 555. 4 *Barn. & Cress.* 330, 333. The reason for this strictness is said to be, that a check, unlike a bill of exchange, is generally designed for immediate payment, and not for circulation; and therefore it becomes the duty of the *holder* to present it for payment as soon as he reasonably may, and if *he* does not, *he* keeps it at his own peril. *Story on Promissory Notes,* 627. *Per Bayley, J. in Down vs. Halling,* 4 *Barn. & Cress.* 333.

The judgment below must be affirmed.