JAMES G. PEEL, plaintiff in error, *vs.* D. R. SHEPHERD, defendant in error.

58  365<br>110  782

Where a contract is made with an agent, in ignorance of the fact that he is not contracting as a principal, for certain work to be done, payments made to the agent, on such contract, before notice of the capacity in which he was contracting, should be allowed as against suit by the principal. The latter is entitled to recover the balance unpaid.

See dissenting opinion of Judge JACKSON.

Debtor and Creditor. Principal and Agent. Set-off. Before Judge CLARK. Webster Superior Court. September Term, 1876.

Reported in the decision.

J. B. HUDSON; C. F. CRISP, for plaintiff in error.

W. A. HAWKINS; GEORGE E. THORNTON; T. H. PICKETT for defendant.

WARNER, Chief Justice.

It appears from the record and bill of exceptions in this case, that Peel sued Shepherd in a justice court on an account for $12.00, for making a pair of boots; that the boots were made by one Dolan, who was in the employ of plaintiff, out of materials owned and furnished by the plaintiff; that the boots made by Dolan were made for him, plaintiff, and were his boots, and that defendant refused to pay for them; that plaintiff allowed Dolan to contract for work, and receive pay for it; that Dolan was not his agent, but his employee; that he never authorized Dolan to place to his (Dolan's) credit, any of his work, materials, or effects whatever. This was, in substance, the plaintiff's evidence before the justice. The defendant testified, in substance, that in June, 1875, he contracted with Dolan to make him a pair of boots for $12.00, which he got in November, 1875; that he paid Dolan in part for them, by giving his account credit for $8.40; that at the time he got the boots, he did not know that Dolan was in the plaintiff's employment, and not until two or three weeks after he got them, when plaintiff asked him for the money; that he then owed a small balance for the boots, some three or four dollars, which he told the plaintiff he was willing to pay him if Dolan was willing, but plaintiff refused to take it. The justice rendered a judgment in favor of the defendant. The plaintiff sued out a writ of *certiorari* and brought the case before the superior court, and after argument had thereon, the court affirmed the judgment of the justice and dismissed the *certiorari;* whereupon the plaintiff excepted.

This is a very small case, but the legal principles involved in it are not any the less important on that account. In our judgment, the payment by the defendant of the sum of $8.40 to Dolan for the boots, by crediting his account therewith, before he had any knowledge that he was the agent and employee of the plaintiff, should have been allowed to him; but the balance that was due by the defendant for the boots,

after he had notice that Dolan was only the agent and employee of the plaintiff in making them, out of his, the plaintiff's, materials, should have been paid to the plaintiff by the defendant, and that the plaintiff was legally entitled to recover that balance from the defendant, and the fact that he offered to pay that balance to the plaintiff, who declined to receive it, did not exonerate him from the payment thereof, unless he had paid the same into court when the plaintiff sued him for the price of the boots. The court erred in not sustaining the *certiorari* and ordering a new trial on the statement of facts contained in the record.

Let the judgment of the court below be reversed.

BLECKLEY, Judge, concurred, but furnished no written opinion.

JACKSON, Judge, dissenting.

In this case there were but two witnesses, the plaintiff and the defendant. The defendant swore as follows : " That Owen Dolan came to him in 1875, and wanted some goods on time, and wanted him to let him have them, which he finally did by first contracting with him, Dolan, to make him, Shepherd, a pair of boots for the price of twelve dollars, Dolan saying that he did not then have the material to make the boots, but would soon; that Dolan repeatedly came to him in October and November, saying that he then had the material, and would make the boots; he finally let him take his measure, at which time Dolan owed him only two or three dollars, and while at work bought goods from him at different times, so that when the boots were finished Dolan owed him $8.40, and was to take the balance in goods as he needed them. That before Dolan commenced the job he, defendant, was over at plaintiff's store, and told plaintiff that Dolan wanted to make him a pair of boots, and he believed that he would let him do it, when the plaintiff showed him some boots that Dolan had just made for him, Peel, which he tried on, saying that he be-

lieved Dolan would make witness a good fit and a nice pair of boots; and after the boots were completed he tried them on, and walked into plaintiff's store to show them to him; and that said plaintiff never did say to him that Dolan was in his, plaintiff's, employ, or that the money was to be plaintiff's; but that, in two or three weeks after he had received the boots from Dolan, plaintiff asked him for the money, which was the first intimation he had ever had that Dolan was in plaintiff's employ; that he said to plaintiff that he contracted with Dolan to make the boots and had nearly paid him, Dolan, for the boots, but that he still owed Dolan a balance on them which he was willing to pay plaintiff if Dolan was willing; plaintiff refused to take it; that he informed Dolan of what had passed, when Dolan told him to pay the balance to him, Dolan, as the plaintiff, Peel, had nothing to do with the matter whatever; that if he had known that he was to pay for the boots, he would not have taken them, as he had boots in his store equally as good for half the money."

This is an exact copy of what the defendant swore, according to the return of the justice to the writ of *certiorari*. It will be seen from it that he made a bargain to swap goods in his store for boots, to be made for him by Dolan, in utter ignorance that plaintiff had anything to do with Dolan or the boots, and that the justice of the peace, and the court below, thought it right to carry this sworn contract into effect, especially as the plaintiff, having opportunity to tell defendant that Dolan was in his employment, did not do it. It is a very different thing to pay for goods in trade from what it would be to pay cash; and the judgment now reversed was simply to carry out the contract defendant swore that he had made. If his statement on oath was true, the justice of the peace was right to give judgment for defendant, and the circuit court was right to affirm that judgment. The justice who tried the case believed the defendant, and he had as much right to believe him as to believe the plaintiff; therefore, his judgment for defendant was legal.

" *De minimis non curat lex,*" is a maxim which should be enforced in such a case as this. Three dollars and sixty cents is not enough money to authorize a new trial over a decision of two courts, unless it be clear that the law has been grossly outraged. The policy of the state, and the good of the people, demand that such litigious spirit as is manifested by this plaintiff in error should be discouraged. Two judgments of the justice of the peace, and two writs of *certiorari*, should have satisfied his ambition without bringing such a case here. I am, therefore, of the opinion that not only law and right, but public policy and peace, require the affirmance of this judgment, and my only regret is, that I have not two votes, instead of one, that I might affirm it.