## TOMLIN *v.* THORNTON.

1. In order to charge the drawer of a bank check, who has funds with which to meet the same in the bank upon which it is drawn, with liability in case the check is dishonored, the payee or holder must present it for payment within a reasonable time; otherwise, the delay will be at his peril.
2. "What is a reasonable time will depend upon circumstances, and will in many cases depend upon the time, the mode and the place of receiving the check, and upon the relations of the parties between whom the question arises."
3. If the bank drawn upon is at a place distant from that at which the payee receives the check, and fails before the check is presented, it will, as a general rule, be a question for a jury, in the light of all the attendant facts and circumstances, to determine whether or not due diligence was observed in presenting the check.
4. The court erred in directing a verdict for the plaintiff.
   November 16, 1896. Argued at the last term.

Complaint. Before Judge Butt. Taylor superior court. October term, 1895.

*W. S. Wallace* and *Brannon, Hatcher & Martin*, for plaintiff in error.

*C. J. Thornton* and *J. H. Worrill*, contra.

Lumpkin, Justice.

1. The general rule of law announced in the first headnote is well settled. It is very clearly expressed in 2 Daniel on Negotiable Instruments (4th ed.), §1590, as follows: "A failure of the bank or banker who is drawee of

the check, and who held on deposit a fund to meet it, which is thereby lost, presents the usual, if not the only, case in which delay of the holder in making presentment, or giving notice of dishonor, devolves loss upon him. But it is by no means an infrequent case, and therefore important to be considered. If at the time the check was delivered to the payee the bank was solvent, and held funds of the drawer sufficient to meet it, it would be a 'fraud for the drawer, after giving a check upon them, to withdraw the amount which should pay it; and as he could not rightfully withdraw the amount, it would be unjust to require that, however long the check holder might permit it to remain, it should be at the drawer's risk. The law has therefore declared that it must be presented within a reasonable time; at the expiration of which such risk terminates as to the drawer, and becomes the risk of the holder if he permits the deposit to remain in bank. And if in the meantime the bank on which the check is drawn fails, the loss must fall upon the holder." See authorities cited in a note to this section.

· 2. The principal difficulty which has arisen is in determining what shall constitute "a reasonable time" within which the check must be presented. The extract from the American & English Encyclopædia of Law (vol. 3, page 213), which we have adopted as our second head-note, lays down the doctrine that what will constitute a reasonable time necessarily varies according to the circumstances surrounding each particular instance. This same authority further declares that: "If the bank on which the check is drawn be in the same place where the payee received the check, it should be presented for payment within banking hours on the day it is received, or on the following day. If in the meantime the bank fails, the loss will be the drawer's." Numerous authorities are cited in support of the above text. To the same effect, see the latter portion

of the section cited above from Daniel, beginning on page 618.

3. In the present case, the check was drawn on the Capital Bank of Macon, Ga., and delivered on March 6th, 1891, at Butler, Ga., to the payee, who resided at Columbus, Ga. The latter deposited it for collection, on March 9th, in the Third National Bank of Columbus; and, on March 12th, it was returned to him, having been protested in Macon on the previous day, after due presentation and refusal of payment—the Macon bank having failed and closed its doors about 11 a. m. on that date, before the check was presented for payment. It appears, therefore, that this check was drawn upon a bank which was a considerable distance both from the place where the payee received it, and from that of his residence. After a somewhat careful study of the subject, and an examination of such authorities as are at our command, we are unable to find any fixed and definitely established rule which would enable us to say with certainty, as matter of law, that this particular check, under the circumstances stated, was, or was not, presented to the drawee within a reasonable time after its delivery to the payee. Therefore, we think the best and safest conclusion to be reached in the matter is, that the question whether or not due diligence was observed in presenting the check should be left to the determination of a jury, in the light of all the facts which may be proved at the trial.

4. The action being by the payee against the drawer, and the court having directed a verdict in the plaintiff's favor, we feel constrained to reverse the judgment, in order that the case may be submitted to a jury, who, under appropriate instructions, should consider, weigh and be guided by all the attendant facts and circumstances.

*Judgment reversed.*