## MERCHANTS NATIONAL BANK OF ROME
### v. CAMP *et al.*

1. Whether a promissory note, the subject-matter of an action, had or had not, after its execution, been fraudulently altered by inserting. after the name of the person therein designated as payee the letters " Pt." as an abbreviation of the word " president," payment to that person certainly discharged the makers of the note from further liability thereon, when it affirmatively appeared that, even treating the paper as the property of a bank of which he was president, he had, as such, full authority to collect the paper in its behalf.

2. Where the president of a bank had general authority to take in settlement of a paper due to it property other than cash, his so doing in a particular instance was binding upon the corporation.

3. Irrespective of other questions made in the record, the application of the above rules to the undisputed facts of the present case made it entirely proper for the court to direct a verdict in favor of the defendants.

Argued April 25, — Decided May 12, 1900.

Complaint. Before Judge Harris. City court of Floyd county. September term, 1899.

*Nat. Harris,* for plaintiff. *Dean & Dean,* for defendants.

COBB, J. The Merchants National Bank of Rome brought suit against J. L. Camp, J. King, and E. J. McGhee, on a promissory note. The defendants Camp and McGhee among other defenses set up that the note sued on was originally payable to J. King, but was fraudulently altered since its execution by making it payable to J. King, Pt., and had been paid by the delivery to J. King of certain stock in an incorporated company, which was accepted by him in full payment of the note, and that at the date of such payment King had the right to receive payment and make a settlement of the debt. At the trial it was established by undisputed evidence that the defendants had delivered to King the stock as claimed by them, and that the same was received by him in full payment of the note; that at the date the note was paid the same was held by the plaintiff, King having at some time previous thereto delivered it to the bank of which he was president both at the date of the note and the date of the payment; that as president he had full authority in behalf of the bank to make collections, as well as to make any kind of settlement of the notes held by the bank that he saw fit; that the payment was made at the bank of the plaintiff, and the reason the note was not delivered up was that King said it was in the safe and he could not then get it out. It also appeared that one, and probably both, of the defendants Camp and McGhee did not know at the date the note was paid that it had been delivered to the bank and that the bank claimed to be the owner of the same. The judge directed a verdict in favor of Camp and McGhee, and the plaintiff excepted.

As we view the case, it is immaterial whether the note was payable to J. King or J. King, Pt. If it was payable to J. King and he owned it at the date of the payment, of course the defendants were by the payment discharged from all liability thereon. If, on the other hand, it was payable to J. King, Pt., and was the property of the plaintiff, payment to J. King would discharge the defendants from liability, the uncontradicted evidence being that King was president of the bank and as such had

full authority to make any settlement with the makers that he saw fit. To receive the stock delivered to him by the defendants in satisfaction of the note was within the scope of his authority as president of the bank, and the settlement made by him was binding on the bank. This is true notwithstanding at the date of the payment the defendants did not know the bank owned the note but thought they were dealing with King individually. Payment to one lawfully authorized as an agent to collect is payment to the person represented by such agent, notwithstanding the fact that the debtor may be ignorant that he is dealing with an agent and thinks that the person to whom the payment is made is acting in his individual capacity. See, in this connection, *Peel* v. *Shepherd,* 58 *Ga.* 365. It is not necessary to consider the other questions made in the record, as the direction of a verdict in favor of the defendants Camp and McGhee was, for the reason above stated, a proper disposition to make of the case.

*Judgment affirmed. All concurring, except Fish, J., absent.*