## William J. Shine v. F. Kennealy.

1. EQUITY—*Where One of Two Innocent Persons Must Suffer a Loss.*
—Where one of two innocent persons must suffer a loss such loss should
fall upon the one who brought it about.

2. PRINCIPAL AND AGENT—*Undisclosed Principal, Payment to Agent.*
—Where a person dealing with another does not know that he is dealing
with an agent and has no sufficient reason to know it, he will be justi-
fied in treating him as a principal, and a payment to him will avail such
person in an action by the principal.

Assumpsit, for services in repairing a roof.    Appeal from the Circuit
Court of Cook County; the Hon. CHARLES G. NEELY, Judge presiding.
Heard in this court at the October term, 1901.    Reversed, and judgment
in this court.    Opinion filed June 23, 1902.

Statement.—An assumpsit.    Submitted to court for trial.
Finding for plaintiff (appellee), and his damages assessed at
$30, and judgment.    Appeal perfected.

Appellee for many years has been engaged in the roofing
business in the city of Chicago.    He employed John Ken-
nealy to solicit and to take orders for roofing.    November
7, 1899, John Kennealy met appellant, to whom he had
been introduced as a good roofer, and took a verbal order
from him to repair the roof of a building belonging to appel-
lant for $30.    Four days later John handed appellee an
order for this work, which was signed "Shine.  J. K."
Appellee did the work, completing it the 22d day of the
same month.    November 24, 1899, appellant paid for this
work to John Kennealy.    Afterward the latter handed
appellant the following receipt:

" CITY, Nov. 24, '99.
, Received from Mr. Shine $30.00 for recoating roof on
building at 5229 Indiana Ave. in full payment.
F. KENNEALY,
per J. Kennealy."

This money John Kennealy did not pay to appellee, but
kept it under claim that it was due him for commissions.

Appellant and appellee were strangers.    The former had
never heard of the latter until after he had paid for this

work.   Appellant, at the time he gave this order, supposed that John Kennealy was a roofer, and that he was to do this work.   The latter said nothing that would indicate that he was not a principal but was an agent.   Prior to the date of such payment appellant did not know that appellee had done the work.   November 27, 1899, appellee made demand upon appellant for payment.   This was the first time he had in any way communicated with appellant.

MASTERSON, HAFT & DANDRIDGE, attorneys for appellant.

WILLIAM A. DOYLE, attorney for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

We have here the case of two innocent persons, one of whom must suffer a loss.   That loss should and will fall upon the one who brought about the injury.

If appellant, without any want of due care upon his part, made a contract with John Kennealy as principal to do this work for an agreed price, and the work was done without any knowledge or negligent want of knowledge upon the part of appellant that it was not done by John Kennealy, and he paid the contract price therefor to John Kennealy without knowledge or negligent want of knowledge upon his part of any claim for the same upon the part of appellee, then appellant ought not to be compelled to pay this claim twice.

The principal was not disclosed in this case until the contract was fully performed and payment therefor had been made to the agent.   It is not contended that before that time appellant either knew or had good reason to know appellee in the transaction.

Appellant did not know and had no reason to know of the existence of appellee until after the incident was closed. We do not perceive that he was negligent.

Appellee knew that this order had been booked by his solicitor.   It must be presumed that he learned enough about appellant to be willing to do the work before he had received his pay or security therefor.   It was an easy mat-

ter for him to notify appellant that he was the principal in this contract. He chose not to speak until after the supposed principal, in the usual course of business, had collected the money. Herein he was negligent.

Under these circumstances the well established rule is that the defendant (appellant) shall be placed in the same situation at the time of the disclosure of the real principal as if the agent had been in truth the real principal. Broom's Leg. Max. 708; Eclipse Windmill Co. v. Thorson, 46 Iowa, 181; Peel v. Shepherd, 58 Ga. 365; Saladin v. Mitchell, 45 Ill. 79–82.

This is a small case, but the legal principles involved are important. Having decided that these principles favor the appellant, we are not disposed to permit this litigation to be further prolonged. The judgment of the Circuit Court will be reversed, and judgment will be entered in this court for the appellant for costs. Reversed, and judgment here.