18643. NATIONAL CITY COMPANY OF NEW YORK *v.* MAYOR AND COUNCIL OF THE CITY OF ATHENS.

JENKINS, P. J. 1. It is the general rule that bank checks are not payment until themselves paid, the presumption being that the payee of a check takes it for collection and application, rather than as payment in and of itself. Civil Code (1910), § 4314. However, one receiving a

bank check for collection and application must exercise reasonable diligence in presenting it for payment, and if he negligently holds it for an unreasonable time, without presentation, it is at his own risk. *Lester-Whitney Shoe Co.* v. *Oliver Co.*, 1 *Ga. App.* 244 (58 S. E. 212). The rule governing the risk assumed by a payee by reason of his negligence in failing to promptly present a check for payment does not, however, have application unless the duty for prompt presentation and application actually exists.

2. Irrespective of whether the initial deposit which under the advertised terms of sale of an issue of bonds was required to accompany all bids is to be regarded as subject to forfeiture in the event the successful bidder should, without justification, fail to comply with his accepted offer, or whether such deposit was required as a mere evidence of good faith and as a guaranty against such actual loss as might be shown to have resulted from such a failure to comply, where a bid for the purchase of municipal bonds provided that "our acceptance of the bonds upon delivery will be subject to our being able to obtain our attorneys opinion that the bonds are legal and binding obligations of the City of Athens, Georgia, supported by tax on all taxable properties, and this bid is made with the understanding that if we are the successful bidder, you will furnish us with all papers necessary for such an investigation without expense to us," it was a conditional bid, since a bona fide opinion rendered by such attorneys to the effect that the legality of the issue had not been satisfactorily shown would relieve the bidder from any obligation to take the bonds, and entitle it to a return of the initial deposit. *City of Rome* v. *Breed*, 21 *Ga. App.* 805 (95 S. E. 474).

3. Under the agreed statement of facts presented by the record in the instant case, the fact that the defendant, who turned over the cashier's check to the plaintiff as representing the required initial deposit in the purchase of certain bonds issued by the plaintiff, was accepted by the plaintiff as the conditional purchaser of its bonds, pending the defendant's approval of the legality of the issue, did not, pending such investigation, pass the title to the bonds into the defendant, or put the actual title to the initial conditional deposit in the plaintiff. Pending such investigation and approval by defendant, the payee of such check held the legal title to the check representing the defendant's funds, merely as trustee to protect the rights both of the defendant and itself, with the obligation on its part to make such final disposition of the same as the result of the defendant's investigation might require. During such interval the plaintiff, as such trustee, was not authorized to use and consume the funds belonging to the defendant, thus guaranteeing the good faith of its conditional bid. Consequently, during such interval, the plaintiff could not be charged with negligence, under the rule stated in the first division of this syllabus, in failing to convert the defendants funds to its own use by cashing the check held by it as trustee, and thus converting the defendant's possible right to a return of the deposit to a mere claim on open account; nor could it be thus charged with negligence in failing to cash the check representing the defendant's funds for the purpose of changing the depositary from that selected by the defendant itself.

4. The fact that by the terms of the defendant's bid for the bonds the plaintiff was asked to "kindly return this check to our representative if we are not the successful bidder," while impliedly authorizing the plaintiff to hold the check in the event the defendant was not accepted as the successful bidder, did not amount to any sort of instruction to cash the check representing the defendant's funds pending its investigation of the legality of the bonds, which by the expressed terms of its proposal it would not be obligated to accept, and could not be required to pay for, unless and until it reached the conclusion that the issue had been legally made.

5. Under the agreed statement of facts, and in accordance with the foregoing principles of law, the court, sitting as both judge and jury, did not err in finding in favor of the plaintiff for the unpaid portion of the purchase price of the bonds in the amount of the unpaid cashier's check representing the initial conditional deposit.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED AUGUST 29, 1928.

*Horace & Frank Holden, Shearman & Sterling,* for plaintiff in error.

*Lamar C. Rucker,* contra.