19903.   McDANIEL *v.* MACKEY.

518

DECIDED NOVEMBER 13, 1929.

*S. P. New,* for plaintiff.   *M. H. Blackshear,* for defendant.

LUKE, J.   (After stating the foregoing facts.)   It will be noted that the petition does not allege that the drawer of the check had the money in the bank to meet it had it been presented for payment in due time; and there is no obligation on the plaintiff so to allege, as this is a matter of defense.   This being true, there is nothing on the face of the pleadings to show that the drawer sustained any loss because of the delay, or that the delay was the cause of the nonpayment.   If the drawer of the check did not have the funds in the bank during the time between the giving of the check and the closing of the bank, he sustained no loss, for the check would not have been paid had it been presented; and if he did not sustain any loss because of the delay in the presentation of the check, then the plaintiff may recover the amount thereof regardless of the delay.   "The drawer of a check upon a bank is not absolved from liability thereon because of any delay in presenting the check for payment, when it does not appear that any loss resulted to the

drawer from such delay; and in a suit upon such a check against the drawer, a plea by him alleging the delay but silent as to loss was properly stricken on demurrer." *Merrill* v. *Gate City National Bank,* 100 *Ga.* 147 (3), 149 (27 S. E. 979, 38 L. R. A. 749). And in the opinion in that case the Supreme Court said: "The court did not err in striking the third plea of the defendant, which was that it was the fault of the plaintiff that the check sued upon was not paid, the reason why it was not paid being that the plaintiff negligently failed to present it in proper time at the bank upon which it was drawn. It does not appear from the plea that the defendant, the drawer of the check, was hurt by the delay; and it is well settled that the drawer of a check upon a bank is not absolved from liability thereon because of any delay in presenting it for payment, when it does not appear that loss resulted to the drawer. *Daniels* v. *Kyle,* 1 *Ga.* 304, 5 *Ga.* 245; *Patten* v. *Newell,* 30 *Ga.* 274; *Comer* v. *Dufour,* 95 *Ga.* 378" (22 S. E. 543, 51 Am. St. R. 89). In *Lester-Whitney Shoe Co.* v. *Oliver Co.,* 1 *Ga. App.* 244 (58 S. E. 212), the following appears in the headnotes: "In order to hold the payee of a check liable for failure to present it, in the event of the failure of the bank on which it is drawn, the maker of the check must have in bank, subject to the payment thereof at any and all times after the drawing of the check, either funds of his own subject to the check, or some positive agreement or understanding with the bank, which will guarantee the payment of the check at such time as it may suit the pleasure, convenience or interest of the holder to present it. . . The issuance of a check includes two guarantees on the part of the maker,—that the bank on which the check is drawn is solvent, and that his check will be paid on presentation. . . When the defendant attempted to set up his damages accruing by reason of non-presentation of his check, against the claim of the plaintiff, *it devolved upon him to show affirmatively* that the funds were on hand to meet the check, throughout the entire period from the making of the check to the failure of the bank." And in the opinion this court said: "The burden of showing that there were funds on hand to meet the check was *upon the drawer of the check,* and if he does not show that there are funds subject to his check at all times after the making of the check, or some other arrangement by which payment of his check is guaranteed at any time the payee may desire to present it, he can not

claim damage against a holder for unreasonable delay in presentation." All the decisions dealing with this subject hold that where the payee fails to present the check for payment in proper time, the drawer of the check is discharged from liability only "to the extent of the injury he has sustained by reason of said failure." *Daniels* v. *Kyle*, 5 *Ga.* 245 (2). In the petition in the present case there is nothing to show that the defendant had the money in the bank or an arrangement with the bank to pay the check, or that the delay in the presentation thereof resulted in loss to the defendant; and surely it was not obligatory on the plaintiff to allege in her petition that the defendant had the money in the bank and that he suffered loss because of her failure to present the check for payment; and until loss of the defendant is shown to be due to non-presentation of the check, he can not prevail in this issue. The issue as to whether or not the delay in the presentation of the check caused the loss was an issue of fact and should have been submitted to the jury.

Furthermore, what is a reasonable time for presentation of a check is generally a question of fact for the jury. In *Comer* v. *Dufour*, 95 *Ga.* 378 (supra), our Supreme Court said: "What is a reasonable time will depend upon circumstances and the relation of the parties between whom the question arises." In *Tomlin* v. *Thornton*, 99 *Ga.* 585 (27 S. E. 147), the first three headnotes are as follows: "1. In order to charge the drawer of a bank check, who has funds with which to meet the same in the bank upon which it is drawn, with liability in case the check is dishonored, the payee or holder must present it for payment within a reasonable time; otherwise, the delay will be at his peril. 2. What is a reasonable time will depend upon circumstances, and will in many cases depend upon the time, the mode and the place of receiving the check, and upon the relation of the parties between whom the question arises. 3. If the bank drawn upon is at a place distant from that at which the payee receives the check, and fails before the check is presented, it will, as a general rule, be *a question for a jury,* in the light of all the attendant facts and circumstances, to determine whether or not due diligence was observed in presenting the check." (Italics ours.) And in the opinion (p. 587) the Supreme Court said: "We think the best and safest conclusion to be reached in the matter is, that the question whether or not due diligence was

observed in presenting the check should be left to the determination of a jury, in the light of all the facts which may be proved at the trial."

In order for the judge to sustain the general demurrer to the original petition, he had to assume that the defendant had the money in the bank or an arrangement with the bank to pay the check, and that the loss was due to non-presentation for payment. This he could not legally do. When the plaintiff alleges that she is the bona fide holder of the check, that it is due and unpaid, and that demand has been made and payment refused, she has alleged a prima facie case. Why the check was not paid, or that the non-payment was due to the negligence of the plaintiff, is a matter of defense, to be set up by the defendant. The court erred in sustaining the general demurrer and dismissing the original petition.

Under this ruling it is not necessary to pass upon the disallowance of the amendment, as the amendment, which was proposed as a result of the court's ruling on the demurrer and to meet the demurrer, was not necessary to set out a cause of action.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*