## 19988. SANDERS *v.* LIFSEY.

*J. S. Adams,* for plaintiff in error.   *M. H. Blackshear,* contra.

BELL, J.   M. A. Lifsey sued out a distress warrant against W. W. Sanders for $62.80, to which the defendant filed a counter-affidavit denying the indebtedness.   At the close of the evidence upon the trial the court directed a verdict in favor of the plaintiff; and this ruling was assigned as error in the defendant's motion for a new trial.   The court refused to grant the motion and the defendant excepted.

It appeared from the evidence that the plaintiff was a resident of Reynolds, Georgia, in Taylor county, and that the lands rented consisted of a farm of about 150 acres in Laurens county, the management of which the plaintiff entrusted to his brother, L. O. Lifsey, a resident of that county, upon whom the plaintiff had conferred full authority to rent the lands, collect the rents, and otherwise look after the property as the plaintiff himself might do.   L. O. Lifsey rented the lands to the defendant for the year 1928 for the sum of $300, taking therefor the defendant's note payable to "M. A. Lifsey, landlord, his agents or assigns."   On September 20 the defendant had paid all the rent except $62.80, and on that date he delivered to L. O. Lifsey a check for this balance, drawn upon the First National Bank of Dublin.   At all times from the issuing of the check until the closing of the bank on September 24 the defendant had on deposit with the bank, subject to check, a sufficient sum to pay the check in question.   The bank failed because of insolvency before the check was presented for payment, and the question for determination in the trial court was whether the loss as to this check should fall upon the plaintiff or upon the defendant.

Other material facts touching this issue were as follows:   The date on which the check was made and delivered was Thursday.   At that time the bank was open and doing business as usual.   It continued the normal transaction of business during the remainder of that week, but failed to open its doors on the following

Monday morning, which was September 24. The check was payable to L. O. Lifsey, the agent, who held the note for collection, and who marked the note paid and surrendered it upon receipt of the check. This transaction occurred at about noon on Thursday, September 20, in the city of Dublin, within two or three blocks of the bank on which the check was drawn. Instead of going to the bank and collecting the money, as he might have done at once or during the same afternoon, or at any time during banking hours on the following Friday or Saturday, L. O. Lifsey indorsed the check and mailed it to his brother, the plaintiff, at Reynolds, Georgia, with the result that the check was not returned, and probably could not have been returned by due course of mail, before the close of banking hours on Saturday, after which the bank was not again open for business.

The above is a substantial statement of the pertinent facts, and we think it is apparent therefrom that the evidence did not demand a finding in favor of the plaintiff, as the trial court held in directing the verdict for him.

"It is the general rule that bank checks are not payment until themselves paid, the presumption being that the payee of a check takes it for collection and application, rather than as payment in and of itself. Civil Code (1910), § 4314. However, one receiving a bank check for collection and application must exercise reasonable diligence in presenting it for payment, and if he negligently holds it for an unreasonable time, without presentation, it is at his own risk. *Lester-Whitney Shoe Co.* v. *Oliver Co.*, 1 *Ga. App.* 244 (58 S. E. 212)." *National City Co.* v. *Mayor &c. of Athens*, supra; *Comer* v. *Dufour*, 95 *Ga.* 376 (22 S. E. 543, 30 L. R. A. 300, 51 Am. St. R. 89); *Tomlin* v. *Thornton*, 99 *Ga.* 585 (27 S. E. 147).

Where the owner of the check neglects to present it within a reasonable time, during which the check would have been paid if presented, and the bank fails in the meantime, the drawer is discharged from liability to the extent of the resulting loss. The theory upon which he is allowed to assert such facts as a defense to an action ex contractu is not that the check was accepted as payment, but that the holder is estopped to deny the fact of payment, to the extent of the injury which he has caused to be sustained by the drawer by his failure to present the check within the proper time.

The present case should be treated as though the owner himself had received the check personally from the defendant at the time and place of its delivery to his agent in the city of Dublin, since the check was payable to the agent consistently with the conditions of the note and also with the agent's general authority to lease the property and collect the rents. *Florida Central & Peninsular Railroad Co.* v. *Ragan,* 104 *Ga.* 353 (2) (30 S. E. 745) ; *Merchants National Bank* v. *Camp,* 110 *Ga.* 780 (36 S. E. 201) ; 8 C. J. 541.

Where it appears that the check would have been paid if presented within the proper time, and that before its presentation the bank failed with the result that the check was returned to the holder unpaid, there is a presumption or inference that the maker was injured to the amount of the check, and the burden is upon the holder to show that there was no injury, or that it·was in a lesser amount, if he would avoid or reduce the liability to be charged to him. *Daniels* v. *Kyle,* 1 *Ga.* 304; *Kennedy* v. *Jones,* 140 *Ga.* 302 (78 S. E. 1069, Ann. Cas. 1914D, 355) ; 8 C. J. 547, 1019.

It may or may not be that the verdict in favor of the plaintiff was contrary to the evidence. Since the judgment must be reversed because of the error in directing such verdict, and since there is a legal possibility that the evidence may not be the same upon the next trial, we will make no decision as to whether the jury could have found for the plaintiff if the court had submitted the case to them.

*Judgment reversed.* *Jenkins, P. J., and Stephens, J., concur.*