## 22836.   HARALSON *v.* UMATILLA CITRUS GROWERS ASSOCIATION.

DECIDED MAY 24, 1933.   REHEARING DENIED JUNE 14, 1933.

*Duke Davis,* for plaintiff in error.   *E. T. Moon,* contra.

GUERRY, J.   Umatilla Citrus Growers Association filed suit on a check which on the 22d day of April was given to it in Umatilla, Florida, by Mrs. Lonnie Haralson. The check was drawn on the LaGrange Banking and Trust Co., of LaGrange, Georgia. This bank closed at 11 o'clock a. m., April 29th. The defendant pleaded

that the indebtedness had been settled in full because the check was not presented for payment before the bank closed, although it had at all times funds on deposit in said bank sufficient to pay the check. The evidence discloses that Umatilla, Florida, was some 400 miles from LaGrange, and that the check was handled through regular clearing channels. It was canceled by the Federal Reserve Bank, April 30. There was no bank at Umatilla and the nearest bank was at Eustis, four or five miles distant. There was no direct evidence as to how long it would take to clear a check.

The question of diligence in presentation of a check is one peculiarly within the province of the jury. In *Tomlin* v. *Thornton*, 99 *Ga.* 585 (27 S. E. 147), it was said: "What is a reasonable time will depend upon circumstances, and will in many cases depend upon the time, the mode and the place of receiving the check, and upon the relations of the parties between whom the question arises." "If the bank drawn upon is at a place distant from that at which the payee receives the check, and fails before the check is presented, it will, as a general rule, be a question for a jury, in the light of all the attendant facts and circumstances, to determine whether or not due diligence was observed in presenting the check." See also *McDaniel* v. *Mackey*, 40 *Ga. App.* 517 (3) (150 S. E. 439); *Comer* v. *Dufour*, 95 *Ga.* 376 (22 S. E. 543, 30 L. R. A. 300, 51 Am. St. R. 89); *National City Co.* v. *Athens*, 38 *Ga. App.* 491 (144 S. E. 336); *Lester-Whitney Shoe Co.* v. *Oliver Co.*, 1 *Ga. App.* 244, 58 S. E. 212). The evidence is meager as to attendant facts and circumstances. The jury having passed upon the facts as presented, and the verdict having had the approval of the trial judge, this court will not interfere therewith.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*