HARDY *vs.* WHITE.

1. Where complaint was brought against two defendants as joint makers of a promissory note, payable at any bank in Savannah, one of whom signed on the face and the other on the back, unnecessary, in order to charge the latter, to allege protest and notice.
2. Short form of pleading discussed.

Pleadings. Indorsement. Promissory notes. Before Judge CHISHOLM. City Court of Savannah. July Term, 1877.

Reported in the decision.

R. R. RICHARDS, for plaintiff in error.

JULIAN HARTRIDGE ; J. R. SAUSSY, for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against the defendants on two promissory notes for the aggregate sum of $413.00, besides interest, each note · dated 1st of June, 1876, due four months after date, payable to the order of the plaintiff at any bank in Savannah, Ga., the name of Frank White being signed on the face of the notes, and the name of Christopher White being signed on the back of the notes. The defendants were sued in the short statutory form as makers of the notes, with copies of the same annexed to the plaintiff's declaration. Service of the writ and process was made upon Christopher White and a return made by the sheriff that Frank White, the other defendant, was not to be found. The defendant demurred to the plaintiff's declaration, on the ground that it appeared on the face thereof, that he was only liable on the notes as indorser or surety, and being such indorser or surety on the notes, and the same being payable at any bank in Savannah, Georgia, he was entitled to notice of the non-payment of the same and of the protest for non-payment, and that such notice is nowhere alleged in said declaration. The court sustained the

demurrer and dismissed the plaintiff's case, whereupon he excepted.

By the 3808th section of the Code, blank indorsements of negotiable paper may always be explained between the parties themselves, or those taking with notice of dishonor, or of the actual facts of such indorsements. In view of that section of the Code, and the rulings of this court in *Thompson vs. High*, 13th *Ga.*, 311, and in *Bostwick vs. Carleton*, 14th *Ga.*, 693, it was competent for the defendant to have proved at the trial in what capacity and for what purpose he put his name on the back of the notes, and and for the plaintiff also to have proved protest and notice, under the provisions of the act of 1847 to "simplify and curtail pleadings at law" without averring the same in his declaration, and that being so, the court erred in sustaining the demurrer to it, and dismissing the same.

The mischievous consequences resulting from a departure f. om the provisions of the judiciary act of 1799, in respect to pleadings, that monument of judicial wisdom, which required the plaintiff to set forth his cause of action plainly and distinctly in his declaration, and the defendant to set forth his defense in like manner in his plea, is becoming more and more apparent every day, most notably in pleas of former recovery, when the record under the short form of pleading always fails to show what were the facts in issue on a former trial between the parties litigant; and this great evil must necessarily increase with the lapse of time, when all contemporary witnesses shall be dead, to say nothing of the danger of having now to rely upon the parol evidence of living witnesses to prove what facts were put in issue on a former trial, instead of the record of that former suit.

The restoration of the judiciary act of 1799, as the proper mode of pleading at law, retaining the statutes allowing amendments, and repealing the act of 1847, (embodied in the Code,) to simplify and curtail pleadings at law, would greatly contribute to the welfare and protection of the state,

and put the parties litigating in the courts upon notice of the plaintiff's demand, as well as of the defendant's defense, and thus prevent surprise to either party.    But so long as the act of 1847, remains upon the statute book of the state, it is our duty to administer it according to the interpretation heretofore given to it by this court.

Let the judgment of the court below be reversed.