2273.    JAMES *v.* CALDER *et al.*

1. Where several parties are sued on a check, one as maker and the others as indorsers, the payee can show by parol that those signing apparently as indorsers are in fact sureties or joint makers.
2. If it appears that those defendants who apparently signed as indorsers did so not for the purpose of transferring the title for value, but merely for the purpose of strengthening the credit of the drawer of the check, they would be liable as sureties, and would not be entitled to notice of non-payment and protest, to make them liable.

Complaint—appeal; from Fulton superior court—Judge Ellis. November 10, 1909.

Argued December 21, 1909.—Decided May 12, 1910.

*W. E. Suttles,* for plaintiff.

*Mayson & Johnson,* for defendants.

HILL, C. J. This was an appeal case from a justice's court, in which Lizzie James sued C. S. Calder, Charles Dougherty, and W. H. Cook on an unconditional contract in writing for $75. This contract was evidenced by the following check: "Atlanta, Ga., Feb. 11th, 1909. The Third National Bank of Atlanta. Pay to the order of Mrs. Lizzie James $75, seventy-five dollars. [Signed] C. S. Calder. [On the back] Mrs. Lizzie James, Charles Dougherty, W. H. Cook, R. W. James." Calder was sued as the maker of this check, and Dougherty and Cook as indorsers. There appear to have been no pleadings filed in the justice's court, except the summons directed to the defendants, "to answer to plaintiff's demand in action of debt due by check." A copy of the check was attached to the summons. There was no further pleading in the superior court. Before the case was submitted to the jury, the

defendants Dougherty and Cook made an oral motion to dismiss. the suit on the following grounds : (1) "that the contract sued on showed on its face that it had never been paid, and, therefore, defendants could not be bound thereby ;" (2) "that no notice of non-payment, or of protest for non-payment, had been given to defendants, and, therefore, they could not be bound thereby." The court sustained the motion on both grounds and dismissed the suit, and the plaintiff assigns this ruling as error, on the following grounds : (1) Because the contract sued on had never been put in evidence, and the court had no evidence whatever before it to warrant a dismissal. (2) Because the contract had never been put in evidence, and the court dismissed plaintiff's suit without giving her the privilege of introducing any evidence to explain the contract. (3) Because the court erred in refusing to let the plaintiff introduce evidence to show that it was never the intention of the parties to the contract that said contract was to operate as the usual bank check, but that on the contrary, it was to operate as a note and all. the parties thereto so understood. (4) Because the court refused to allow the plaintiff to introduce evidence to show that at the time the defendants gave the check to the plaintiff, they told her they had no money in the bank on which the check was drawn, but for plaintiff to hold the same as their note, and they would pay it in a few days. (5) Because the court refused to allow plaintiff to introduce any evidence to show that the contract was an original undertaking by all the parties thereto, that none of them had any money in the bank, and hence, this having been proved, notice and protest was not necessary. These objections to the dismissal of the suit are incorporated in the bill of exceptions.

We think the judge erred in dismissing the suit. We do not clearly understand what is meant by the first ground on which the judge sustained the motion to dismiss,—"that the contract sued on showed on its face that it had never been paid, and, therefore, defendants could not be bound thereby." If the check had been paid by the bank out of the funds of the drawer, it would have become functus, and of course no one would have been bound. We are wholly at a loss to understand how a check paid by the drawee bank out of the drawer's funds could afterwards be a live contract. upon which anyone would be liable. The paid check would then amount simply to a voucher showing the payment of the money

called for by it.    Nor do we understand the argument, submitted for the defendant in error, that "if the bank had paid the check, then the indorsers would have been liable to the bank." We do not see how payment of the check by the bank would have made the indorsers liable to the bank or to any one else.    The check was an order to the bank to pay the money of the drawer to the payee, or the payee's order.    *Georgia National Bank* v. *Henderson, 46 Ga. 488* (12 Am. R. 590).    If the bank had paid the check out of the drawer's funds in its hands, certainly it could not hold the paid check as a claim against the indorser; and if the bank had paid the check as an overdraft, it would have done so at its own risk. The only undertaking of an indorser of a check is that if the check is not paid, on presentation within a reasonable time, he will pay it, provided he is properly notified.    The indorsement is for the protection of the payee or holder of the check.    The whole question, it seems to us, can be resolved as follows: if the check was indorsed by Dougherty and Cook merely for the purpose of strengthening the credit of the maker, then they were accommodation indorsers and liable as sureties.    If the agreement was as offered to be shown by the plaintiff,—that they were really joint makers,— they were, of course, not entitled to any notice of non-payment and protest in order to make them liable.    *Mayer* v. *Thomas, 97 Ga. 776* (25 S. E. 761).    But if they were indorsers in a strict legal sense, they would not be liable to the payee at all; for in order for them to be indorsers relatively to the payee, the payee would first have to indorse the check herself, as she did in this case; and this would make the payee a prior indorser, and they would be subsequent indorsers; and a subsequent indorser is never bound to a prior indorser.    *Camp* v. *Simmons, 62 Ga. 79.*    It is well settled that the true relations of the parties to a negotiable instrument can be inquired into; and parol evidence would have been admissible in this case to show the legal obligation assumed by the defendants sued as indorsers.

The payee would have a right to show by parol that although the form was that of an indorsement, there was in fact no contract of indorsement, and that these defendants were simply accomodation indorsers, or sureties; or testimony would have been admissible to show that although they signed on the back of the check, they were in fact joint makers.    Civil Code, §5209; *Neal* v. *Wilson, 79*

*Ga.* 736 (5 S. E. 54) ; *Cauthen* v. *Central Ga. Bank,* 69 *Ga.* 733 ; *Buck* v. *Bank of the State of Georgia,* 104 *Ga.* 660 (30 S. E. 872) ; Joyce on Defenses to Commercial Paper, §§213, 279.

Another reason the court gave for sustaining the motion to dismiss was that no protest of the check appeared, and that the defendants were entitled to protest or notice. We think this was merely an assumption of the non-existence of a fact which the plaintiff had not been given an opportunity to prove. We do not see why it would not have been competent for the plaintiff to show, there being no pleadings in the case, that the check was presented for payment and was not paid, and that protest was made and notice given. But, as before stated, if the defendants were sureties or joint makers, they were not entitled to notice of non-payment or protest, to make them liable. *Sibley* v. *American Exchange National Bank,* 97 *Ga.* 127 (25 S. E. 470).

We conclude that the court erred in dismissing the suit, and that the plaintiff should be allowed to prove the relation of the parties to the instrument sued on, in order that their respective liability may be determined.                    *Judgment reversed.*