24133. DUNNAWAY *v.* FORT *et al.*

DECIDED JANUARY 7, 1935.

*G. Y. Harrell,* for plaintiff in error. *R. S. Wimberly,* contra.

JENKINS, P. J. 1. The prohibition in the Civil Code (1910), § 3007, against a married woman's binding her separate estate by "any contract of suretyship" covers such a contract in behalf of any other person as well as the husband. *Saulsbury* v. *Weaver,* 59 *Ga.* 254. Superficial appearance will not successfully conceal the true inwardness of an illegal transaction by a married woman (*Gross* v. *Smith,* 31 *Ga. App.* 95, 119 S. E. 541; *Rhodes* v. *Gunn,* 34 *Ga. App.* 115. (2), 128 S. E. 213); and so it follows that, if a married woman gives a note and mortgage apparently as principal, but really as a mere surety for another, she can successfully defend against the payee or a transferee who is not a bona fide purchaser without notice. *Strauss* v. *Friend,* 73 *Ga.* 782. While, under the Code of 1910, 3007, a married woman can not assume the debts of her husband, she can legally extinguish the debts of any other person, or cause them to be extinguished by her own individual undertaking, and give security on her property for the

performance of her own contract (*Villa Rica Lumber Co.* v. *Paratain,* 92 *Ga.* 370, 17 S. E. 340; *Tindol* v. *Breedlove,* 19 *Ga. App.* 73, 90 S. E. 977; *Montgomery* v. *Padgett,* 38 *Ga. App.* 389 (2), 392, 144 S. E. 41); and she may make herself legally liable as an original undertaker for goods or property bought on her sole credit for the use of another, even though she may derive no personal benefit from the sale; since in none of these transactions does she become a surety. *Freeman* v. *Coleman,* 86 *Ga.* 590 (12 S. E. 1064); *Finch* v. *Barclay,* 87 *Ga.* 393 (3), 397 (13 S. E. 566).

2. Where by mutual agreement a creditor, holding the note of a debtor, accepts a third person as substitute for the original debtor, and receives the new note of the substitute to take up and cancel the old obligation, this is a novation, and the original debt is abrogated. *Dillard* v. *Dillard,* 118 *Ga.* 97 (44 S. E. 885); *Ferst* v. *Bank,* 111 *Ga.* 229, 232 (36 S. E. 773). The extinguishment of the debt represented by the old note constitutes in itself a valuable consideration for the new obligation. Where, therefore, a married woman, by giving such a new note paid the old note of her son, and the creditor returned it to him, and there was no other agreement or understanding with the creditor varying the essential nature of the transaction, the contract of the married woman is in no way one of suretyship. In a suit against a married woman by the owners of such a note, the court did not err, under the undisputed evidence, in directing a verdict for the plaintiffs.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*