PICKETT *v.* BANK OF ELLIJAY.

No. 11054. June 12, 1936.

*A. J. Henderson,* for plaintiff in error. *William Butt,* contra.

HUTCHESON, Justice. The Court of Appeals requested instructions from the Supreme Court on the following question: "In a suit on a note signed by a corporation at the bottom, prima facie as maker, and by a married woman on the back, prima facie as blank indorser, where the note was executed and the case tried after the adoption by this State of the uniform negotiable-instruments law and prior to the adoption of the present Code of 1933, can a verdict in favor of the payee plaintiff against the married woman be sustained under the provisions of section 5796 of the Code of 1910 (re-embodied in the Code of 1933 as section 38-509), despite the provisions of the negotiable-instruments law now embodied in the Code of 1933 as sections 14-604 and 14-605 (Ga. L. 1924, p. 139), where the petition shows, and is supported by parol proof admitted without objection, that, while she merely signed her name on the back of the instrument, she was in fact a principal and expressly contracted as such; and where, on exceptions taken to this court by the married woman, the provisions of the negotiable-instruments law embodied in the present Code as §§ 14-604, 14-605, are not invoked? See Code of 1933, §§ 14-604, 14-605, containing sections 63 and 64 of the negotiable-instruments law; Code of 1933, § 38-509 (Code of 1910, § 5796); Brannan's Negotiable-Instruments Law (Beutel's 5th ed.), 716 et seq.; Notes in 37 A. L. R. 1222; 35 A. L. R. 1120; 22 A. L. R. 527; 11 A. L. R. 637; *Lamar* v. *Allen,* 108 *Ga.* 158, 165 (33 S. E. 958); Code of 1933, § 38-114; *Supreme Lodge* v. *Gardner,* 19 *Ga. App.* 58 (4) (90 S. E. 986); *Swanson* v. *Mobley,* 33 *Ga. App.* 791 (127 S. E. 806)."

The Code of 1910, § 5796, provides that "Blank indorsements of negotiable paper may always be explained between the parties themselves, or those taking with notice of dishonor or of the actual facts of such indorsements." This provision appeared for the first time in the Code of 1863, and was embodied in each of the subsequent Codes. Following this section are many decisions of this court applying its provisions. *Hardy* v. *White,* 60 *Ga.* 454; *Neal* v. *Wilson,* 79 *Ga.* 736 (5 S. E. 54); *James* v. *Calder,* 7 *Ga. App.* 707 (67 S. E. 1125); *Taff* v. *Larey,* 29 *Ga. App.* 631 (116 S. E. 866); *Seymour* v. *Bank of Thomasville,* 157 *Ga.* 99 (121 S. E. 578); *Sanders* v. *Ayers,* 155 *Ga.* 630 (117 S. E. 651). In 1924 the General Assembly passed the negotiable-instruments law,

which appears in the Code of 1933. Ga. L. 1924, p. 139. Section 63 of that act (Code of 1933, § 14-604) is as follows: "A person placing his signature upon an instrument other than as maker, drawer, or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." The question is, are these provisions in conflict, and does the later negotiable-instruments act of 1924 repeal section 5796 of the Code of 1910? While it is stated in the certified question that the present case arose before the adoption of the Code of 1933, this fact would not present any obstacle in a proper determination of the question. For in the interpretation of statutes or Code sections, their position in the Code is not of impelling consequence. As was held in *Lamar* v. *Allen,* supra: "A rule founded upon the same principle is applicable when there are two conflicting sections in a Code; and that is, that section prevails which is derived from a source which can be considered as the last expression of the lawmaking power," citing *Central of Georgia Railway Co.* v. *State,* 104 *Ga.* 831 (31 S. E. 531, 42 L. R. A. 518). In the view we take of this question, the provision of the Code permitting parol evidence to explain the facts between the parties, and the provision of the negotiable-instruments act that one placing his name on the back of an instrument shall be deemed to be an indorser, are not in conflict, and should be construed in pari materia. Repeals by implication are not favored. *Franklin County* v. *Crow,* 128 *Ga.* 458, 461 (57 S. E. 784); *Verdery* v. *Walton,* 137 *Ga.* 213, 216 (73 S. E. 390). In *Gray* v. *McLendon,* 134 *Ga.* 224, 230 (67 S. E. 859), it was held: "In order that the implied repeal may result from the principles now under consideration, the repugnancy appearing in the two statutes must be wholly irreconcilable, and it must also be clear and convincing and following necessarily from the language used. Hence every effort must be used to make all acts stand, and the later act will not operate as a repeal of the earlier one, if by any reasonable construction they can be reconciled. The repeal in any case will be measured by the extent of the conflict or inconsistency between the acts; and if any part of the earlier act can stand as not superseded or affected by the later one, it will not be repealed." As persuasive of this construction, the codifiers of the Code of 1933 evidently were of the opinion that there was no

conflict in the two provisions of our law, and put them both in the new Code. In *Wheeler* v. *Beazley,* 181 *Ga.* 311, 314 (182 S. E. 182), it was said: "Whether or not the change made in codification amounted to an amendment of the law, this Code [1933] had not become effective at the time of the respondent's election. . . It might be considered, however, as expressing the view of the codifiers, and as persuasive to some extent on the question."

There is no direct ruling by this court on the question, and the decisions in outside jurisdictions are not uniform, some holding the provision in the negotiable-instruments law does not admit of parol evidence to explain the circumstances of the indorsement, while others hold to the contrary. See note in 37 A. L. R. 1222 et seq. However, it does not appear, in the cases holding that parol evidence is not admissible, that there was a prior statute in the State permitting parol evidence to explain an indorsement as between the parties. As will be observed, section 5796 (§ 38-509) has application between the parties, or those taking with notice of dishonor or of the actual facts of such indorsement, and has no application to the rights of third parties; while the provision of the negotiable-instruments act makes no reference to the interest of the parties. Under a proper construction of the two statutes, the provisions of the negotiable-instruments act would apply to innocent third parties taking without notice; and thus construed the provisions are harmonious. As between the parties, or those taking with notice of dishonor or of the actual facts, parol evidence would be admissible to explain a blank indorsement; while innocent third persons taking without notice or of the actual facts would have no such right to explain the indorsement. It will be noted that the negotiable-instruments law provides that "a person placing his signature upon an instrument other than as maker . . is deemed to be an indorser," etc. It does not state whether as between the parties, after dishonor, or as between innocent third parties. The word "deemed" is not a word of fixed or definite meaning, as used in this statute. In 2 Words and Phrases (3d ser.), 887, are a number of cases defining the term, some defining it as a conclusive presumption, others that it is an inconclusive presumption, or prima facie.

In the case of Long *v.* Gwin, 202 Ala. 358 (80 So. 440), the Supreme Court of Alabama held that "Prior to the adoption of

the negotiable-instruments law in the several States, an irregular indorsement—that is, an indorsement by one not otherwise a party, before the delivery of the instrument—was variously regarded as creating the liability of indorser, second indorser, maker, guarantor, or surety. 8 Corp. Jur. p. 74, § 121. The purpose of the new law was to give a uniform status and effect to such indorsements. But we think that purpose is sufficiently accomplished by holding that the declared status is conclusively fixed as to subsequent holders in due course, but only prima facie fixed as to immediate parties. This is in harmony with the theory prevailing heretofore in this and other States, and better meets the requirements of justice than the rigid rule which forbids any inquiry into the real contract of the parties as shown by their antecedent declarations, their course of dealing, or the attendant circumstances. In other jurisdictions, the courts are not in harmony in their application of the rule under the provisions of the negotiable-instruments law. The rulings are stated and authorities collected in 8 Corp. Jur. p. 75, § 122, and we deem it unnecessary to discuss the subject further."

In the above view of the question it becomes unnecessary to answer the further questions, with reference to the introduction of parol testimony without objection, and the subsequent exception thereto in an appeal of the case.     *All the Justices concur.*