## 24358.   PICKETT *v.* BANK OF ELLIJAY.

JENKINS, P. J.   A married woman, together with her husband, signed her name on the back of a promissory note, dated April 11, 1932, in the form of a blank indorsement.   The note was signed on the face by a

corporation. In a suit on the note, the payee bank under its petition and evidence contended that, although her name was written so as prima facie to indicate an indorsement, it was nevertheless understood and agreed at the time the note was executed that the wife was in fact signing as a maker, she then representing to the bank that she was buying out the interest of a stockholder in the corporation, and that under her agreement with the vendor she was substituting herself in the new note in lieu of her vendor, who had signed as indorser on an old note due to the bank. The bank's testimony showed that it was explained to her, before the delivery of the note, that she was legally incompetent to sign the note as an indorser, but that the note was accepted and taken by the bank from her as one of the makers; and that she signed the note on the back merely for convenience, on account of the scarcity of room on the face of the instrument for her signature. This evidence was controverted by the defendant and her witnesses, who in effect denied the alleged statements which the bank's witnesses testified were made by her, denied that she ever acquired any interest in the business; and testified that she merely signed as indorser for the benefit of her husband and son in lieu of the vendor of the stock, which was acquired by her husband and son, that the conversation with the bank's officers in regard to the legality of her signature as indorser did not occur until a considerable time after the signing and delivery of the note, and that the bank then informed her that she could not sign the note as indorser, because she was a married woman. The jury found in favor of the plaintiff.

Under the answer made by the Supreme Court to the question certified to it in this case, since the provision of the Code of 1910, § 5796 (Code of 1933, § 38-509), that "blank indorsements of negotiable paper may always be explained between the parties themselves, or those taking with notice of dishonor or of the actual facts of such indorsements," must be given application and construed in pari materia with section 63 of the negotiable-instruments law (Ga. L. 1924, p. 139; Code of 1933, § 14-604), that "a person placing his signature upon an instrument other than as maker, drawer, or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity," so that, as between the parties themselves, or those taking with notice of dishonor or of the actual facts of such indorsement, parol evidence is still admissible to explain such indorsement, the verdict in favor of the plaintiff in this case was not without evidence to support it, and must be sustained. *Pickett* v. *Bank of Ellijay*, 182 *Ga.* 540 (186 S. E. 426). See also *Wolff & Happ* v. *Hawes*, 105 *Ga.* 153 (31 S. E. 425); *Dunnaway* v. *Fort*, 50 *Ga. App.* 330 (178 S. E. 163); *Wootten* v. *Braswell*, 48 *Ga. App.* 312 (172 S. E. 679).

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JULY 6, 1936.

*A. J. Henderson,* for plaintiff in error. *William Butt,* contra.