## 27086. BOATENREITER *v.* WILLIAMS *et al.*

DECIDED NOVEMBER 3, 1938.

*Walter A. Sims, Henry L. Henderson,* for plaintiff.

*H. C. Cox, Hirsch & Smith, A. S. Clay, E. D. Smith Jr.,* for defendants.

FELTON, J. B. W. Boatenreiter sued E. M. Williams in the superior court of Walton County, the county of his residence, upon a series of checks signed by E. M. Williams, payable to petitioner and C. B. Driskell, and drawn on the National Bank of Monroe, Georgia. The petition alleged that the petitioner's name was indorsed on the checks by C. B. Driskell without right or authority, and that the indorsement of his name was a forgery. The Fulton National Bank of Atlanta was joined as a codefendant by reason of allegations that Driskell presented the checks to the Fulton National Bank, and that it cashed them, indorsed them, and collected them from the bank on which they were drawn. The petition alleged that petitioner "has demanded of all the defendants herein payment of said checks and the same has been refused." The defendants filed general demurrers, the grounds being that the petition set forth no cause of action, and that it did not appear that the defendants were jointly liable. The Fulton National Bank

demurred further on the ground that the superior court of Walton County did not have jurisdiction of it. The general demurrers were sustained and the action dismissed, to which ruling the plaintiff excepted. The suit as to the National Bank of Monroe was dismissed by consent of all parties.

1. "The drawer is the person by whom a bill or a check is drawn." 8 C. J. 62, § 83, D(1). "The drawer by drawing the instrument admits the existence of the payee and his then capacity to indorse; and engages that on due presentment the instrument will be accepted or paid, or both, according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it. The drawer may insert in the instrument an express stipulation negativing or limiting his own liability to the holder." Code, § 14-602. The drawer of a check to whom notice of non-payment is not given is discharged from liability thereon. § 14-801. The uniform negotiable-instruments law provides when and how the drawer of a check becomes obligated thereon, as above shown. It provides when notice of non-payment need not be given to the drawer. "Notice of dishonor is not required to be given to the drawer in either of the following cases: (1) Where the drawer and the drawee are the same person; (2) Where the drawee is a fictitious person or a person not having capacity to contract; (3) Where the drawer is the person to whom the instrument is presented for payment; (4) Where the drawer has no right to expect or require that the drawee or acceptor will honor the instrument; (5) Where the drawer has countermanded payment." Code, § 14-826. It provides the form of the notice (§ 14-808), and the time (Code, §§ 14-815, 14-816). See 8 C. J. 62, § 83, D(1); 635, §§ 892, 893; 8 Am. Jur. 391, § 521.

2. The allegation in the present petition to the effect that demand for the payment of the checks had been made upon the defendants is not sufficient as an allegation that notice of non-payment by the Monroe Bank had been given to E. M. Williams, the drawer of the checks, as required by law, so as to render him liable on his contract as drawer of the checks. In the absence of an allegation of notice of non-payment to E. M. Williams as required by law, or of a reason why notice was unnecessary, the petition

failed to set forth a cause of action against him, and was properly dismissed on general demurrer.

3. The judgment adjudicating that the petition set forth no cause of action against E. M. Williams necessarily controls the ruling on the demurrer of the Fulton National Bank. The only basis of jurisdiction of it was a cause of action against Williams as drawer. When it falls, the suit against the non-resident defendant falls with it. We have assumed for the sake of argument that a joint cause of action was alleged. We do not decide that such is true, as such a ruling is not necessary to a conclusion of this case. Of course, if a joint cause of action was not alleged, the demurrer of the bank would be good. There was no error in sustaining the demurrers and in dismissing the action.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*