## 26961. GAINESVILLE NEWS *et al. v.* HARRISON.

Decided November 3, 1938. Rehearing denied November 16, 1938.

*Charles J. Thurmond, Wheeler & Kenyon,* for plaintiff in error. *E. C. Brannon,* contra.

Felton, J. 1. In a suit on a check it is not necessary that a consideration be alleged. Code, § 14-301.

2. The words written on the check sued on, "For second-prize award in Gainesville News-Subscription Contest," do not show as a matter of law that the check was given for an illegal or immoral consideration.

3. The fact that the payee of the check contended that she won the first prize in the contest in which she participated, and brought

suit against the one who was awarded the first prize, and lost the suit, would not estop her from now contending for the second prize. It is true that she could not claim both the first and the second prizes, but she could assert her right to the first prize, and if her claim resulted adversely to her she could take the second prize, or she could waive her right to the first prize after contending for it, and accept the second prize.

4. The Code, § 13-2049, simply provides that the drawee of a check which is not presented for payment within six months from the date thereof shall not be subject to a liability for dishonoring the check. It does not mean that the drawer is relieved of the obligation to pay the check or the obligation for which it was given.

5. Where the payee of a check fails to present it for payment in due time, the drawer is discharged from liability only to the extent of the injury he has sustained by reason of such failure. *McDaniel* v. *Mackey,* 40 *Ga. App.* 521 (150 S. E. 439). No such damage was alleged in this case.

6. A suit on a check by the payee against the drawer thereof, which does not allege that it was presented to the drawee for payment, that it was dishonored, and that notice of dishonor was given to the drawer by the payee as required by the negotiable-instruments law, or facts excusing such notice, is subject to general demurrer. Code, §§ 14-602, 14-801, 14-808, 14-814, 14-815, 14-826; 8 C. J. 635, §§ 892, 893; 8 C. J. 62, § 83, D(1); 8 Am. Jur. 391, §§ 521, 714; Brannan's Negotiable Instrument Law, 826, and annotations; *Boatenreiter* v. *Williams,* 58 *Ga. App.* 635 (199 S. E. 558).

Accordingly, the court erred in overruling the general demurrer to the petition. It did not err in overruling the special demurrer setting up that the petition failed to show the consideration for the check sued upon, or in dismissing paragraph 6 and the amendment thereto of the answer of the defendant setting up that the payee was precluded from collecting the second prize because she had contended for the first. The further proceedings were nugatory because of the error in overruling the general demurrer to the petition.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*