27996. DeLOACH *v.* ADAMS LOAN & INVESTMENT CO.

DECIDED FEBRUARY 15, 1940. REHEARING DENIED MARCH 11, 1940.

*Noah J. Stone,* for plaintiff. *H. C. Holbrook,* for defendant.

FELTON, J. J. W. DeLoach sued the Adams Loan & Investment Company and others on a series of promissory notes, each for $35, dated September 16, 1927, and due monthly through August 16, 1930. The notes contained a provision that they were for the purchase-price of certain realty, and that if any one of the notes was not paid at maturity all of the remaining unpaid notes should become due and payable at once. The original series was of fifty-one notes, and the suit was on eleven of the series, which were paid .

by DeLoach and transferred to him by the Adams Loan & Investment Company, both payment and transfer being after maturity. The notes were signed by the wife of DeLoach, and she was named as one of the defendants. The last amendment to the answer of the Adams Loan & Investment Company set up that it was not alleged in the petition that there was a demand on the maker for payment of the notes, or that there was notice of dishonor; and that since the notes were indorsed after maturity, there would be no liability of the Adams Company on the notes, without such notice. Demurrers to the answer of the Adams Company were overruled, and exception pendente lite was filed. At the conclusion of the evidence the court directed a verdict in favor of the Adams Loan & Investment Company and against the other defendants. DeLoach filed a motion for new trial, which was overruled. He excepted, assigning error on the ruling excepted to pendente lite, and on the refusal of a new trial. For the purposes of this decision we think it necessary to consider only the question whether the indorser was entitled to have the note presented to the maker for payment, and, upon non-payment, entitled to notice thereof before it would be bound as indorser.

The Code, § 14-207, provides: "Where an instrument is issued, accepted or indorsed when overdue it is, as regards the person so issuing, accepting, or indorsing it, payable on demand." Under the unambiguous terms of this section all the notes sued on in the instant case are then demand notes. That this is true is recognized by text-book writers and courts of other jurisdictions. Williston on Contracts, 3390, § 1179, in note 3, and cit. The Code declares: "Except as herein otherwise provided, presentment for payment is necessary in order to charge the drawer and indorsers." § 14-701. "Where the instrument is not payable on demand, presentment must be made on the day it falls due. Where it is payable on demand, presentment must be made within a reasonable time after its issue, except that in case of a bill of exchange, presentment for payment will be sufficient if made within a reasonable time after the last negotiation thereof." § 14-702. "Presentment for payment, to be sufficient, must be made: . . (4) To the person primarily liable on the instrument, or, if he is absent or inaccessible, to any person found at the place where the presentment is made." § 14-703. The natural conclusion, and

the only conclusion that can be drawn from reading the cited sections, is that instead of being an exception to the rule, the law expressly declares that demand notes must be presented to the person primarily liable, for payment, before the indorsers thereon are bound as such. Following the requirements for the presentment for payment the Code, § 14-801, declares: "Except as herein otherwise provided, when a negotiable instrument has been dishonored by non-acceptance or non-payment, notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged." The exceptions are set out in § 14-827, which reads: "Notice of dishonor is not required to be given to an indorser in either of the following cases: (1) Where the drawee is a fictitious person or a person not having capacity to contract, and the indorser was aware of the fact at the time he indorsed the instrument; (2) Where the indorser is the person to whom the instrument is presented for payment; (3) Where the instrument was made or accepted for his accommodation."

In order to bind the indorser as such on the notes, we have the following requirements: (1) There must be a presentment for payment. (2) Upon non-payment there must be notice of such dishonor given to the indorser. And since the adoption in this State of the uniform negotiable-instruments law, there is the further requirement that not only must there be a presentment for payment and notice of dishonor upon non-payment, but before the indorsee can proceed against the indorser on the instrument he must allege in his petition that the instrument has been presented for payment, that payment has been refused, and that notice of dishonor has been given to the indorser. *Gainesville News* v. *Harrison,* 58 *Ga. App.* 744 (199 S. E. 559); *Boatenreiter* v. *Williams,* 58 *Ga. App.* 635 (199 S. E. 558); *Massell* v. *Prudential Insurance Co.,* 57 *Ga. App.* 460 (196 S. E. 115). In the case at bar it was not alleged or proved that there had been a compliance on the part of the indorsee with the statutory requirements concerning presentment and notice. In the absence of such an allegation the petition failed to set forth a cause of action, and in the absence of such proof a verdict was properly directed against the plaintiff and in favor of the Adams Loan and Investment Company.

In view of the above ruling it is unnecessary to pass on the other

questions raised. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*

ON MOTION FOR REHEARING.

FELTON, J. The plaintiff contends that in its original answer the defendant affirmatively pleaded a single defense, and, having done so, was estopped later to amend and add the defense that there had been no presentment, demand, or notice of non-payment. This contention is without merit, because the answer denied indebtedness, and the issue had already been raised. The defendant did not need an amendment at all. Moreover, any number of inconsistent defenses may be pleaded, whether originally or by amendment; and there was no objection to the amendment, and no demurrer on the ground that the proper affidavit was not attached to the answer as amended, showing that the amendment was not filed for delay.                                        *Rehearing denied.*