392

Bell, Justice. 1. It is declared in the Code, § 53-503, that while a wife "may contract, she may not bind her separate estate by any contract of suretyship nor by any assumption of the debts of her husband, and any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts, shall be absolutely void."

2. The only issue in the present case being whether the note of the plaintiff, a married woman, was executed as a contract of suretyship for her son, no debt of the husband being involved, the parts of the foregoing section relating to assumption of debts of the husband and to sale in extinguishment of such debts are irrelevant.

3. While a married woman can not in any manner become a surety for her son so as to bind herself, or her property, for the payment of his debt, yet she may extinguish his debt, or cause it to be extinguished, on her own credit. *Villa Rica Lumber Co.* v. *Paratain,* 92 *Ga.* 370 (17 S. E. 340). In such case the knowledge of the lender of her purpose in the transaction will not affect its validity. *McCrory* v. *Grandy,* 92 *Ga.* 319 (18 S. E. 65) ; *Dunnaway* v. *Fort,* 50 *Ga. App.* 330 (178 S. E. 163).

4. The decisions in *Gross* v. *Whitely,* 128 *Ga.* 79 (57 S. E. 94), *Ginsberg* v. *Peoples Bank of Savannah,* 145 *Ga.* 815 (89 S. E. 1086), and similar cases, relating to assumption or extinguishment of debts of husband, are inapplicable. The evidence authorized the verdict denying to the plaintiff the cancellation prayed, and the court did not err in overruling her motion for a new trial based upon the general grounds only.

*Judgment affirmed. All the Justices concur.*

No. 13974. January 14, 1942. Rehearing denied February 12, 1942.

*W. S. Allen,* for plaintiff.    *G. A. Huddleston,* for defendant.