33742.  FLANAGAN *v.* MAJORS *et al.*

Decided November 9, 1951—Rehearing denied November 30, 1951.

J. P. Fowler, Wheeler, Robinson & Thurmond, for plaintiff in error.

E. C. Brannon, Robert S. Allen, A. B. Tollison, contra.

Felton, J.  The only evidence introduced by Flanagan to prove that he signed the note as surety was that he got no benefit from the transaction, and that the money for which the note was given was borrowed and received solely by Fowler. The contention of the plaintiff in error is that, since he got no benefit from the loan, he was a surety, and that the plaintiff was bound to know it, etc.  This contention was good, under many decisions, prior to the passage of the Negotiable Instruments Law in 1924.  In *Cantrell* v. *Byars*, 66 *Ga. App.* 672 (19 S. E. 2d, 44), the contention was made by one apparently an accommodation indorser that he was a surety.  The only evidence of the contract of alleged suretyship was that Byars received no consideration or benefit.  This court held that, since the passage of

the Negotiable Instruments Law, the mere fact that the indorser got no benefit would not as a matter of legal consequence make him a surety, for the reason that, under the Negotiable Instruments Law, the legal consequence of mere indorsement for another's benefit is that of accommodation indorsement, in the absence of a specific and definite agreement that the indorsement was in the capacity of surety. The same principle applies in this case. Even if the evidence demanded the finding that the plaintiff in error got no benefit, in the absence of evidence that he signed as surety by agreement with the payee, the legal consequence is that the plaintiff in error was an accommodation indorser and not a surety. Since there is no contention that there was a release of the plaintiff in error as an accommodation indorser under Code § 14-902, the evidence demanded a verdict against the plaintiff in error. In this view it is not necessary to pass on any of the other questions raised.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*