### 36367. JORDAN v. DANIEL.

FELTON, C. J. 1. As between the parties, one signing a promissory note apparently as a joint principal may in an action on the note by the payee plead and prove that he signed the note in the capacity of an accommodation endorser for the benefit of the principal maker and that the plaintiff took the note with the knowledge of such facts. *Franklin Savings & Loan Co.* v. *Branan,* 54 *Ga. App.* 363 (1) (188 S. E. 67), and cases cited; *Pickett* v. *Bank of Ellijay,* 182 *Ga.* 540 (186 S. E. 426). The ruling in the *Pickett* case distinguishes the rule in Georgia from that in other States not having a provision in their law similar to Code § 38-509. Cases holding that joint makers must be sued jointly where no question is raised as to capacity in which they signed have no bearing on questions here involved.

2. An accommodation endorser is discharged by failure of the holder to give notice of the nonpayment of the instrument by the maker where there is no waiver thereof. *Massell* v. *Prudential Ins. Co. of America,* 57 *Ga. App.* 460 (196 S. E. 115); *DeLoach* v. *Adams Loan &c. Co.,* 62 *Ga. App.* 61 (7 S. E. 2d 580) and cases cited.

3. Under the foregoing rulings the court erred in sustaining the plaintiff's demurrers to the defendant's answer alleging that as an endorser he was discharged by reason of the failure of the payee to give him notice of the nonpayment of the note.

4. The court did not err in sustaining the plaintiff's demurrer to that part of the answer which sought to set up the defense that the plaintiff made a binding agreement to extend the time of payment of the note. Code § 14-902 (6). There was no allegation that a binding agreement was made. The facts alleged show no more than indulgence.

5. An accommodation endorser is not a surety since the passage of the Negotiable Instruments Law. It now requires an express agreement to render one a surety. *Cantrell* v. *Byars*, 66 *Ga. App.* 672 (19 S. E. 2d 44); *Flanagan* v. *Majors*, 85 *Ga. App.* 31 (67 S. E. 2d 786). The court did not err in sustaining the demurrer to the defendant's answer setting forth the defense of increase of the defendant's risk by reason of various acts of the plaintiff.

The court erred in sustaining the demurrers to the defendant's answer as shown in divisions one and two.

The other proceedings were nugatory.

*Judgment affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*

DECIDED OCTOBER 10, 1956.

*O. W. Roberts, Jr.,* for plaintiff in error.
*Robert D. Tisinger,* contra.