42937. MINNER v. CHILDS.

DEEN, Judge. 1. *Code* § 84-1413 provides: "No person, firm, or corporation shall have the right to enforce in any court *any claim for commissions,* profits, option profits, or fees for

any *business done as a real estate broker* or salesman, without having previously obtained the license required under the terms of this Chapter." (Emphasis supplied). The amended declaration in attachment alleges that plaintiff is *a real estate broker*, that one Cowart, owner of described real estate, *listed the same for sale* with him, that he, as agent for Cowart, agreed with the defendant *to sell the Cowart property* under stated conditions, including a payment of $700 representing the sum of Cowart's equity in the property and *plaintiff's sales commission*, and that pursuant to such agreement the defendant executed a promissory note to Cowart for $200 and a check to the plaintiff for $500. The check proved worthless, and plaintiff thereupon levied the attachment seeking collection of this amount.

2. Construing these allegations strictly against the pleader, an inference is demanded that the $500 debt represented by the worthless check for the recovery of which the attachment was levied represented commissions due the plaintiff as real estate commissions, and that it constituted a claim for commissions for business done as a real estate broker. A petition seeking such commissions which fails to allege that the plaintiff has a license to do business in Georgia as a real estate broker is subject to general demurrer, and the third ground of the defendant's motion to dismiss the declaration in attachment as amended should have been sustained. *Moody v. Foster,* 74 Ga. App. 829 (3) (41 SE2d 560) ; *Mayo v. Lynes,* 80 Ga. App. 4 (55 SE2d 174).

3. Under *Code* § 20-1004 a check or other draft is not an assignment of funds; it constitutes evidence of indebtedness and is not payment until itself paid unless the agreement is to the contrary. *Wilbanks v. James Talcott, Inc.,* 106 Ga. App. 770, 774 (128 SE2d 33). Former *Code* § 14-301 specifically stated that prima facie all negotiable instruments carry a presumption of valuable consideration, and it followed from this that a suit on a check need not allege the consideration. *Gainesville News v. Harrison,* 58 Ga. App. 744 (199 SE 559). The present *Code Ann.* § 109A-3—305, like former *Code* § 14-305 categorizes want or failure of consideration as a defense. Under *Code Ann.* § 109A-3—122 a cause of action accrues against the drawer of a draft upon demand (including notice of dishonor) following nonpayment. As to notice of dishonor, see *Code Ann.* § 109A-3—508. Thus, under the

Commercial Code as formerly, one may bring an action upon the debt evidenced by commercial paper in the form of suing directly on an instrument which imports its own consideration without setting forth the facts creating the obligation evidenced by the paper. The obligee, however, still has only one cause of action for the amount owing him, and the filing of an action based directly on the check will not inhibit him from pleading and proving the facts, including the consideration for which the check was given, and the addition of such facts to the declaration will not constitute a new cause of action.

In this case the plaintiff first alleged that the defendant was indebted to her in the sum of $500 by reason of her tender of a check in this amount which was returned by the drawee bank marked "No Account." By amendment he set out facts showing that the defendant owed a third party money representing the purchase price of real estate, that part of this sum was owing by the third party to plaintiff as real estate commissions connected with this sale and that pursuant to the provisions of the contract of sale the defendant made a check for $500 of this sum directly to the plaintiff. Such facts go only to establishing the indebtedness which constituted the consideration for the check, and do not set forth a new cause of action. The objection to the allowance of the amendment on this ground was properly overruled.

*Judgment reversed. Jordan, P. J., and Quillian, J., concur.*

SUBMITTED JUNE 30, 1967—DECIDED SEPTEMBER 5, 1967.

*Neville & Neville, W. J. Neville,* for appellant.
*Allen & Edenfield, B. A. Edenfield,* for appellee.