44288, 44289. WENKE v. NORTON; and vice versa.

WHITMAN, Judge. W. E. Norton sued R. A. Wenke, alleging an indebtedness. Motions for summary judgment were made by both parties and both motions were denied. The main appeal and the cross appeal enumerate the denial of their respective motions as error. *Held:*

1. It appears from the evidence presented that defendant Wenke executed an "Assumption of Existing Loan" agreement with a bank which recites the following:

"[Agreement dated March 30, 1965, between bank and Wenke.]

"Whereas, W. L. Staley (hereinafter referred to as 'debtor') is presently indebted to bank on an instalment loan evidenced by a promissory note in the face amount of $4,960, executed by debtor and dated 12/16/63, (hereinafter referred to as 'loan'), on which loan there remains unpaid an aggregate principal balance of $3,860, payable in equal monthly instalments of $100 each, except for the final instalment; which note is secured by a [Bill of Sale] bearing an even date therewith covering '57 Ford Ranch Wagon and various vending machines.

"In consideration of the bank allowing an assumption of this loan, the assumee promises to pay the instalments remaining on the loan and is bound by all of the terms thereof as fully and to the same extent as debtor is now bound, including the provisions in the security instrument, if any, that title to the property conveyed by debtor to bank will not pass out of, but will remain in the bank, or its assigns, until the indebtedness is paid in full.

"The consent of the bank to allow this assumption of the loan shall not operate in any way to relieve or affect debtor's obligations under the note or security instrument, if any, and debtor shall remain as fully and completely bound thereby as though the assumption had never taken place, or the bank's consent thereto been given.

"In witness whereof, the parties hereto set their hands and seals the day and year first above written. S/ Richard A. Wenke, Assumee (Seal) S/ W. L. Staley, Debtor (Seal) S/ Citizens Bank of Hapeville by: [Illegible signature]."

.

Thereafter, on February 6, 1968, the following action was taken by the bank:

"State of Georgia, County of Fulton: '

"For and in consideration of the sum of $3,460 paid to Citizens Bank of Hapeville, Georgia, by Wm. Eugene Norton, the endorser on the note, said note dated 12-16-63 in the sum of $4,960 evidenced by a bill of sale to secure debt hereby transferred and assigned to Wm. Eugene Norton (both the note and bill of sale transferred). Same later assumed by Richard A. Wenke.

"This 6 the February, 1968. S/ Citizens Bank of Hapeville By K. E. Stearns, Pres."

The above documents show that Wenke agreed to assume a loan evidenced by a promissory note and, further, agreed to assume such obligation according to the same terms upon which the promissory note was made. Thus Wenke agreed to stand liable on the note along with the maker. Cf. *Code Ann.* § 109A-3—401(1); *Code Ann.* § 14-218 (repealed Jan. 1, 1964).

But it also appears that Norton took an assignment of the note at a time when it was past due and was on notice of such fact by virtue of the terms of the note; that is, the note provided for payment of a principal amount of $4,960 in monthly instalments of $100 beginning on February 1, 1964, for 35 consecutive months with a final payment of $1,460. Thus all amounts as remained unpaid on the note were past due on February 6, 1968, when Norton bought the note. Under such circumstances Norton is not a "holder in due course" of the instrument (*Code Ann.* §§ 109A-3—302(1) (c), 109A-3—304(3)), and therefore took the instrument subject to defenses (*Code Ann.* § 109A-3—306).

2. Wenke set forth the defense of failure of consideration in his responsive pleading to the complaint. "Want or failure of consideration is a defense as against any person not having the rights of a holder in due course . . . Partial failure of consideration is a defense pro tanto whether or not the failure is in an ascertained or liquidated amount." *Code Ann.* § 109A-3—408. See *Code Ann.* § 109A-3—306 for other defenses available. Also see *Code Ann.* § 20-310.

The fact that Wenke's assumption agreement with the bank is under seal does not defeat his right to plead and prove want of consideration. *Brown v. Nichols,* 23 Ga. App. 569 (99

SE 57), and citations. But in such a case the law presumes a consideration and the burden is upon the defendant to prove the contrary. *Broughton v. Joseph Lazarus Co.*, 13 Ga. App. 153 (1) (78 SE 1024). It is a question for jury determination whether the evidence presented sustains the defense.

We can not say from the evidence presented that a finding was demanded in favor of the plaintiff or the defendant. It was not error to deny the motions for summary judgment by both parties.

*Judgment affirmed in both cases. Jordan, P. J., and Hall, J., concur.*

SUBMITTED MARCH 5, 1969—DECIDED JULY 14, 1969.

*William Lewis Spearman,* for appellant.
*Preston L. Holland,* for appellee.