53330. PARIS v. CITIZENS & SOUTHERN NATIONAL BANK.

SMITH, Judge.

The Citizens & Southern National Bank brought an action in the Civil Court of Fulton County against Richard E. Paris d/b/a Main & Knott Shell Service, alleging that "3. Said defendant is indebted to your petitioner in the sum of $3,750.17 being principal due on contract executed between the parties dated September 3, 1969, copy of which is . . . attached hereto, marked Exhibit B and made a part hereof." The fourth paragraph of the complaint alleged a debt for attorney fees and the giving of a notice therefor. The note attached to the complaint was signed in the name of Main & Knott Shell Service by

Burl R. Boyd and Richard E. Paris. The note attached to the complaint also read in part as follows: "The undersigned promises to pay to the order of Citizens and Southern Bank of East Point (hereafter, together with any holder hereof, called 'Holder'). . ." thereafter setting forth a principal sum payable in monthly installments. The defendant answered setting up the following defenses: that the complaint does not state a claim against the defendant upon which relief may be granted; that plaintiff has waived its rights under the promissory note as a result of its action and/or failure to act; that the note set forth in plaintiff's complaint fails to comply with the Federal Truth in Lending Law; that the defendant does not do business as Main & Knott Shell Service but admits the jurisdiction of the court; and denies the allegations of paragraphs 3 and 4 of the plaintiff's complaint. The note attached to the complaint contains no transfer or endorsement thereon from the Citizens and Southern Bank of East Point to the Citizens and Southern National Bank. The following order and judgment appears in the record, "The above and foregoing case having come on for a hearing before me in a regular manner for trial without a jury, both sides being present. On Motion by the Plaintiff the Defendant's Answer and Counter claim are herewith dismissed and it is Considered, Ordered and Adjudged that the Plaintiff do have and recover of the Defendant the sum of $3,750.17 principal $562.52 Attorney fees and all cost of Court."

The transcript of the proceedings certified and sent up from the court below does not show that any evidence whatsoever was introduced before the court. It does contain a "motion" by the defendant to hear his defense that the complaint fails to state a claim as it does not show the Citizens & Southern National Bank is a holder of the note sued upon. In arguments on the motion, the attorney for the bank argued that any holder could bring the action on the note and whether or not the Citizens & Southern National Bank was a holder would be a purely evidentiary matter relying on Code Ann. § 109A-3—603. The trial court overruled the motion to dismiss on the grounds the pleading would support proof the complainant was the holder of the note. No proof was

introduced, however. The court then entertained a motion by complainant to dismiss the answer as not setting up an issuable defense. After argument the court granted this motion and said, "Take a judgment." Nothing appearing to the contrary, we presume the order and judgment above was the one taken pursuant to such direction. The defendant appeals this judgment enumerating error on the overruling of his motion to dismiss the complaint for failure to state a claim upon which relief could be granted and upon the dismissal of his answer and the entry of judgment in favor of the plaintiff. *Held:*

1. We agree with the trial judge in overruling the defendant's motion to dismiss the complaint for failure to state a claim. The attack upon a complaint for failure to state a claim upon which relief can be granted should not be sustained unless the averments in the complaint disclose with certainty that plaintiff would not be entitled to relief under any state of facts that could be shown in support of the claim. See *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260); *Ghitter v. Edge,* 118 Ga. App. 750, 752 (1) (165 SE2d 598).

2. The answer of the defendant denying the allegations of paragraph 3 and paragraph 4 of the complaint made an issue to be tried by a jury and the trial judge erred in dismissing the complainant's answer in its entirety. Whether or not the other defenses may also set forth a defense to be submitted to a trior of facts, it is not necessary to decide. The complainant was not entitled to judgment until it proved by competent evidence that the appellant was indebted to it in the amount sued for together with the attorney fees alleged. No such proof was offered. The dismissal of the answer and the grant of the judgment, therefore, must be set aside.

*Judgment affirmed in part and reversed in part. Bell, C. J., and McMurray, J., concur.*

ARGUED JANUARY 19, 1977 — DECIDED JANUARY 31, 1977.

*Arthur P. Tranakos, Frank J. Shannon, III,* for appellant.

*Lucian Lamar Sneed, John W. Bland, Jr.,* for appellee.