## 59749. RIDDICK v. EVANS et al.

SMITH, Judge.

Appellant brought a suit on a promissory note. The case proceeded to trial. At trial, appellee made an oral motion to dismiss the complaint. The trial court granted the motion on the ground that the note failed to recite a consideration and that parol evidence of consideration was inadmissible. We reverse.

1. Appellee's motion was, in substance, a motion to dismiss for

failure to state a claim upon which relief can be granted. See *Sou. Mill Svc. v. Town of Baldwin,* 151 Ga. App. 908 (262 SE2d 210) (1979). Such a motion may "be made orally at the trial." *Sou. Concrete Co. v. Carter Const. Co.,* 121 Ga. App. 573, 574 (174 SE2d 447) (1970); *Irby v. Christian,* 132 Ga. App. 796 (209 SE2d 245) (1974). Since the effect of appellee's motion was to test the legal sufficiency of appellant's complaint (see *Paris v. C. & S. Nat. Bank,* 141 Ga. App. 165, 167 (233 SE2d 433) (1977)), appellant's failure to include a trial transcript in the record is not fatal to this appeal. *Cline v. Lever Bros. Co.,* 124 Ga. App. 22 (183 SE2d 63) (1971).

2. The promissory note is attached to the complaint as Exhibit A. It states: "On January 1, 1979, the undersigned promises to pay to the order of John Lane Riddick $3,440.00, with interest at 8% per annum after maturity until paid, together with all costs of collection including a reasonable attorney's fee of 15% of the principal and interest due if payment is not made until after default."

In our view, the complaint was not subject to dismissal on the ground that the note failed to recite a consideration. Nor was it subject to dismissal on the ground that the complaint otherwise failed to allege consideration. The note meets the definitional requirements of a negotiable instrument. See UCC § 3-104(1) (Code Ann. § 109A-3—104(1)). A recitation of consideration in the instrument is not essential to recovery.

Under former Code § 14-301, "[e]very negotiable instrument is deemed prima facie to have been issued for a valuable consideration ..." See *Gainesville News v. Harrison,* 58 Ga. App. 744 (199 SE 559) (1938); *Wood v. Keysville Lumber Co.,* 49 Ga. App. 799 (5) (175 SE 923) (1934). Although the UCC does not speak in terms of presumptions, "under the Commercial Code as formerly, one may bring an action upon the debt evidenced by commercial paper in the form of suing directly on an instrument which imports its own consideration without setting forth the facts creating the obligation evidenced by the paper." *Minner v. Childs,* 116 Ga. App. 272, 273-274 (157 SE2d 50) (1967). As stated in UCC 3-307(2) (Code Ann. § 109A-3—307(2)): "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." Under UCC § 3-408 (Code Ann. § 109A-3—408), "[w]ant or failure of consideration is a [matter of] defense ..." See *Wenke v. Morton,* 120 Ga. App. 70, 71-72 (169 SE2d 663) (1969); *Leiter v. Arnold,* 114 Ga. App. 323 (151 SE2d 175) (1966).

We conclude that the trial court erred in dismissing the complaint on the ground that the promissory note fails to recite a consideration.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

Submitted April 16, 1980 — Decided September 26, 1980.

*Michale B. Thomas*, for appellant.
*Sam Johnson*, for appellees.