## 69067. BROOKS v. McCORKLE.
(329 SE2d 214)

BEASLEY, Judge.

Defendant-appellant Brooks appeals from the grant of summary judgment to plaintiff-appellee Sandra McCorkle in an action to recover on a promissory note.

Sandra McCorkle is the wife of Dan McCorkle. Dan McCorkle and Brooks were apparently jointly engaged in house building and each owned fifty percent of the stock in a corporation they formed. Dan McCorkle agreed to sell his stock to Brooks for $16,500 and Brooks executed a promissory note for that amount, payable, at Dan McCorkle's request, to his wife, Sandra McCorkle. The note became due and after demand was made, Sandra commenced this action on the note. Brooks' answer admitted the execution of the note but denied that he was indebted to Sandra; alleged that Dan McCorkle was the real party in interest, not Sandra who held the note as trustee for Dan; and asserted that the note was void for lack of consideration and subject to certain set-offs of debts owed Brooks by Dan which were alleged in a counterclaim. Brooks and Sandra McCorkle both gave depositions, with Brooks' testimony supporting his allegations. Sandra testified that she was not involved in Dan's dealings with Brooks, that her husband had the note made payable to her in case something happened to him, and that it was her note as it was in her name. The trial court granted Sandra's motion for summary judgment and denied Brooks' motion to join Dan as a necessary party. On appeal Brooks asserts the trial court erred because Dan, not Sandra, was the real party in interest. *Held*:

There is no merit in appellant's assertion.

" 'With the admission by the defendant of his execution of the note to the plaintiff, the plaintiff had a prima facie right to the judgment sought and the defendant then had the burden of establishing any claimed defense to the action. *Code Ann.* § 109A-3—307 (2, 3) [now OCGA § 11-3-307]. As between the immediate parties to a note, it may be shown that its terms were modified or affected by other

written agreement executed as a part of the same transaction. *Code Ann.* § 109A-3—119 [now OCGA § 11-3-119]. The defendant offered no such written agreements.'

"Under the statutory and case law cited above and the facts existing here, the defendants were required to plead and establish an affirmative defense to the notes admittedly executed. This they failed to do, and the plaintiff was entitled to a judgment on the pleadings at this stage." *Freezamatic Corp. v. Brigadier &c. Corp.*, 125 Ga. App. 767, 768 (189 SE2d 108) (1972).

"The promissory note is an unconditional contract of the defendants to pay the plaintiff according to the tenor of the instrument. [Cit.] Because the note contains an unconditional promise, the contract is complete as it was written; parol evidence may not be used to inject conditions on the obligation which are not apparent from the face of the note. [Cit.] . . . [A]ppellants contend that the note was part of a larger contract which the appellee breached. However, the note contains no reference to this supplemental agreement nor can we create one . . . Introduction of the promissory note in evidence established a prima facie case which could not be rebutted by parol evidence. *Code Ann.* § 109A-3—307 (2) [now OCGA § 11-3-307]. A promissory note is an unconditional obligation, sufficient in itself to support a cause of action." *Tatum v. Bank of Cumming*, 135 Ga. App. 675, 676 (218 SE2d 677) (1975). See *Riddick v. Evans*, 155 Ga. App. 868, 869 (274 SE2d 40) (1980).

" '[T]he personal business transactions between appellant and appellee's president provided no defense to appellant's obligation to pay the note at maturity. [Cit.] Furthermore, the note contained an unconditional promise to pay [Cits.]; and parol evidence cannot be used in order "to inject conditions on the obligation which are not apparent from the face of the note." [Cits.] When appellant was unable to establish a valid defense to payment, the appellee was entitled as a matter of law to recover on the note. *Code Ann.* § 109A-3—307 (2) [now OCGA § 11-3-307] [Cit.].' " *Cox v. Farmers Bank*, 159 Ga. App. 148, 151 (1) (282 SE2d 762) (1981).

Appellant Brooks' parol evidence cannot be used to establish a valid defense to McCorkle's prima facie entitlement to judgment as a matter of law. Therefore, the trial court did not err in granting her summary judgment.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MARCH 5, 1985 —
REHEARING DENIED MARCH 25, 1985 —

*William S. Stone*, for appellant.

*Adie N. Durden, Jr., Charles W. Hill,* for appellee.