A93A1674. WACHOVIA BANK OF GEORGIA N.A.
v. MOTHERSHED.
(437 SE2d 852)

BEASLEY, Presiding Judge.

This is an interlocutory review of the denial of Wachovia Bank of Georgia's motion for summary judgment. It sought a deficiency judgment on three promissory notes made as construction loans to Mothershed. Each was secured by a separate deed to secure debt with power of sale to Wachovia. Mothershed counterclaimed for breach of an oral contract by Wachovia to make future construction loans to him, which he alleged resulted in the failure of his residential construction business. Summary judgment was denied on both the main claim and the counterclaim.

The trial court found as a matter of uncontested fact that Mothershed had defaulted on each of the notes, that foreclosure sales were conducted and judicial confirmation obtained, and that the proceeds were applied to the outstanding balances. However, summary judgment was denied altogether on the basis that a factual question remained as to the existence of an oral agreement between Mothershed and Wachovia's loan officer concerning the alleged commitment for future loans.

1. "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

" 'The promissory note is an unconditional contract of the de-

fendants to pay the plaintiff according to the tenor of the instrument. (Cit.) Because the note contains an unconditional promise, the contract is complete as it was written; parol evidence may not be used to inject conditions on the obligation which are not apparent from the face of the note. (Cit.) . . . [Appellee] contend[s] that the note was part of a larger contract which the [appellant] breached. However, the note contains no reference to this supplemental agreement nor can we create one. . . . Introduction of the promissory note[s] in evidence established a prima facie case which could not be rebutted by parol evidence. . . . (OCGA § 11-3-307.) A promissory note is an unconditional obligation, sufficient in itself to support a cause of action.' [Cits.]" *Brooks v. McCorkle*, 174 Ga. App. 132, 133 (329 SE2d 214) (1985). Accord *Hartrampf v. C & S Realty Investors*, 157 Ga. App. 879 (1) (278 SE2d 750) (1981).

Mothershed admits having executed the notes, failing to cure the defaults, consummation of the foreclosure sales and the judicial confirmations. Wachovia established by competent evidence the amounts owed. As the trial court properly concluded, Wachovia made out a prima facie case for recovery of the deficiencies on the three promissory notes.

" 'A lender's refusal to make a second loan, or even misrepresentations that it would make a second loan, does not bar the lender from recovery of the amount owed under the first loan.' [Cits.]" *Bridges v. Reliance Trust Co.*, 205 Ga. App. 400, 401 (1) (422 SE2d 277) (1992). Parol evidence of a purported oral agreement cannot be used to establish a valid defense to Wachovia's prima facie entitlement to judgment as a matter of law. *Brooks*, supra at 133.

Appellant was entitled to summary judgment on its claim.

2. Wachovia was also entitled to judgment in its favor as the defendant/movant on the counterclaim for breach of an alleged oral contract to extend additional future loans.

"A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp.*, supra at 491.

In opposition to summary judgment, Mothershed produced an affidavit of a former Wachovia loan officer to the effect that the bank had verbally committed to make four future loans as follows: "[I]n January of 1988, I made a commitment with Mr. Mothershed that the bank would maintain an inventory of four construction loans, or spec

loans. The agreement provided that as a home was sold, then the Bank would make another spec loan so that his inventory for spec loans would be four. The amount of the loan would be based upon the appraisal of the proposed home by review of his plans, the rate of interest would be the market rate for construction loans by our bank at the time of the request, with interest due in six months, and the Note would be renewable upon payment of the interest. The price of the homes would be in the $160,000 to $180,000 range, and Brian Mothershed would furnish us[ ] with a set of plans. The type of loan would be a construction loan, similar or the same type of loan as the one lot #26 of Prospect Commons."

Wachovia maintains that the oral agreement for future loans was insufficiently definite to constitute a binding contract.[1] " 'Unless an agreement is reached as to all terms and conditions and nothing is left to future negotiations, a contract to enter into a contract in the future is of no effect. (Cit.)' [Cit.]" *Hartrampf*, supra at 881 (1).

No specific parcels were agreed upon to secure the loans or time limitations specified. The value was indefinite, based only on an appraisal. See *Wiley v. Tom Howell & Assoc.*, 154 Ga. App. 235, 236 (267 SE2d 816) (1980). No maturity date was specified. The loan officer's affidavit contradicts Mothershed's deposition testimony with respect to the rate of interest. "A loan agreement which fails to specify an interest rate and a maturity date is unenforceable." *Dolanson Co. v. Citizens &c. Nat. Bank*, 242 Ga. 681, 682 (1) (251 SE2d 274) (1978). Even if there is an issue of fact about rate of interest, the evidence establishes that there was no verbal contract "sufficiently clear to be capable of enforcement." *Hartrampf*, supra at 881; *Bridges*, supra at (2). The purported "commitment" for a future loan is no more than an agreement to agree in the future.

*Judgment reversed. Cooper and Smith, JJ., concur.*

DECIDED NOVEMBER 10, 1993.

*Neely & Player, Lewis E. Hassett, Lorre J. Gaudiosi,* for appellant.

*Bray & Johnson, H. Michael Bray,* for appellee.

---

[1] OCGA § 13-5-30 was amended effective July 1, 1988, to add paragraph (7) which requires that "[a]ny commitment to lend money" be in writing. Since the oral agreement alleged herein predated that amendment, a writing was not required.